John A. **TATEM**, Sr., Appellant

v.

**UNITED STATES of America,**
Appellee.

No. 15235.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 4, 1960.

Decided March 3, 1960.

Mr. Robert E. Herzstein, Washington, D. C., with whom Mr. William L. McGovern, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

We allowed an appeal at government expense after a series of orders of the District Court, which first denied leave to file a petition for a writ of habeas corpus without prepayment of costs, and thereafter denied leave to appeal that order to this court. Appellant seeks immediate and unconditional release from St. Elizabeths Hospital or, in the alternative, transfer to a Veteran's Administration Hospital. He was committed to St. Elizabeths following a directed verdict of not guilty by reason of insanity of sex attacks on his minor daughter.[1]

Appellant was charged under D.C. Code §§ 22–2801, 22–1901 (1951) with carnal knowledge and incest of his 14 year old daughter. The record showed a history of similar attacks by him from the time she was 10 years old, and several confinements of appellant in mental hospitals because of this conduct. At one point prior to trial appellant was found to be incompetent to assist in his own defense; after some months at D. C. General Hospital he was adjudged competent to stand trial.

At trial, on January 28, 1959, Dr. McIndoo of D. C. General Hospital testified that appellant suffered from severe and continuing mental disease, "chronic schizophrenia," which caused the criminal acts of February 25, 1958. The doctor also said appellant was presently suffering from that disease. There being no contrary evidence, the District Court properly directed a verdict of not guilty by reason of insanity, and ordered

---

1. Commitment was directed pursuant to D.C.Code § 24–301 (Supp. VII 1959).

appellant committed to St. Elizabeths on January 28, 1959.

On April 6, 1959, appellant requested leave to file his petition for a writ of habeas corpus without prepayment of costs, slightly more than two months after his commitment. The petition requested among other things that the Superintendent of St. Elizabeths be ordered to show cause why the relief should not be granted.

The District Court denied the petition without hearing, simply reciting "Leave to file without prepayment of costs Denied." There was no statement that the petition was "frivolous or malicious" or that the appellant was not a pauper, the only grounds under 28 U.S.C. § 1915(d) (1958) on which the court could properly deny a petition to proceed in forma pauperis.

Thus, from this record we cannot determine whether the court denied the petition because appellant was not a pauper, which the government argues is one possible and correct ground, or because the court was satisfied that even assuming the truth of the allegations of the petition, appellant was not entitled to any relief. See 28 U.S.C. § 2243 (1958). Nor was there a finding that the request came too soon after the commitment, which in some circumstances might be grounds for denying a hearing. Cf. Stewart v. Overholser, 1950, 87 U.S.App. D.C. 402, 186 F.2d 339; 28 U.S.C. § 2244 (1958). These are the only possible grounds on which a court is permitted to deny the writ without a hearing, or at least without issuing a show cause order directed to determine why the writ should not be granted. Walker v. Johnston, 1941, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830.

To deny the right to file a petition for a writ of habeas corpus is an exercise of power so great in its impact on a petitioner that an appellate court must be able to ascertain the grounds for denial in order to fulfill its responsibility of review. It is therefore imperative that denial either of leave to file the petition, or denial of the writ itself, be accompanied by an expression of the reasons for the denial either by informal memorandum, by recitals in an order, or by findings. See Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; White v. Ragen, 1945, 324 U.S. 760, 765, 766, 65 S.Ct. 978, 89 L.Ed. 1348. See also Wood v. Howard, 7 Cir., 1946, 157 F.2d 807; Barron & Holtzoff, Federal Practice and Procedure, § 1123 at page 814 (1950). The failure to make such findings in this case requires a remand for further consideration and findings.

Petitioner has alleged facts which, if true, may warrant some form of relief, assuming, of course, his proof meets the stringent standards of § 24-301 as applied in Overholser v. Leach, 1958, 103 U.S.App.D.C. 289, 257 F.2d 667, 669. There we emphasized that one who is found not guilty by reason of insanity becomes part of an "exceptional class" and in that situation he thereafter has the burden to demonstrate that he is eligible for release. To do this he must affirmatively show (1) that he has "recovered his sanity" and (2) that he "will not in the reasonable future be dangerous to himself or others * * *." See Lyles v. United States, 1957, 103 U.S. App.D.C. 22, 25, 254 F.2d 725, 728.

In limited circumstances, although they would be rare, it might not be necessary to hold a formal hearing on the allegations. Conceivably, the shortness of time between the commitment and the filing of the petition, petitioner's long history of mental disease, his history of similar anti-social conduct, and the gravity of the particular offense, when considered together with a contemporaneous medical report as to why release is not recommended, may give grounds for denial prior to a formal hearing. In this case there would have been a saving of judicial time if the District Court had issued a rule directed to show cause why the relief should not be granted; had that been done it would probably have led the District Court to make findings in some form. See Lewis v. Overholser, 107 U.S.App.D.C. ——, 274 F.2d 592; Stewart v. Overholser, supra.

The lapse of time since the petition was filed makes a hearing indispensable provided petitioner is indeed a pauper. The case is therefore remanded to the District Court for the following steps:

(a) If denial of leave to proceed in forma pauperis is grounded upon rejection of appellant's allegation of poverty, the basis for such a rejection should appear in findings and conclusions in some form.

(b) If leave to file without costs is permitted (or if petitioner pays the necessary filing fees) a rule to show cause should be directed to the Superintendent of St. Elizabeths to report the reasons or conditions which now preclude release unconditionally, or release to a Veteran's Hospital.

(c) Upon the return, the District Court shall conduct a hearing to afford petitioner an opportunity to prove the allegations of his petition, and in particular the two indispensable elements: (1) that he has recovered his sanity and (2) that he will not in the reasonable future be dangerous to himself or others. Overholser v. Leach, supra.

Reversed and remanded for further proceedings in accordance with this opinion.