**UNITED STATES of America ex rel. Sol R. RAUCH and Harold D. Rauch, Relators,**

v.

**Joseph STOCKINGER and Alex Krinsky, Respondents.**

**Nos. 60–M–223, 60–M–224.**

United States District Court
E. D. New York.
March 17, 1960.

950

Helio Lefkowitz, Brooklyn, N. Y., for relators.

Dreiband, Bleecker & Silberman, New York City, by Alexander Dreiband, New York City, of counsel, for respondents.

BYERS, District Judge.

Two matters arise in one litigation and are here treated together. An order to show cause was signed on March 9, 1960, directed to the respondents in connection with proposed Writs of Habeas Corpus which were presented to a judge holding the Motion Part on March 7, 1960 and referred by him to the undersigned, within the purview of an order of this Court bearing date March 1, 1960.

Pursuant to Tit. 28 U.S.C. § 2243, the said order to show cause was issued on March 8, 1960.

On the return date, March 16, 1960, argument was had on behalf of the relators and the respondents, and all affidavits and briefs filed in connection therewith have been examined.

In my opinion, the Writ should not be granted; and in deference to the practice suggested in Tatem v. United States, D.C.Cir., 275 F.2d 894, the following is an expression of the reasons for such denial:

1. What is sought in effect is a review or reconsideration of the denial of such a Writ sought by these relators, as reported in United States ex rel. Rauch v. Stockinger, 2 Cir., 269 F.2d 681, affirming the District Court. See Rauch v. Stockinger, D.C., 170 F.Supp. 506. Certiorari to the Second Circuit was denied by the Supreme Court, 361 U.S. 913, 80 S.Ct. 257, 4 L.Ed.2d 183, as was a Petition for Rehearing, 80 S.Ct. 584.

2. There is no reason adduced for the grant of the Writ that has not been heretofore adjudicated.

The relators advance the contention that the complaint upon which extradition was sought, was legally insufficient to confer jurisdiction upon this Court in order to accomplish its purpose. That contention was submitted in repetitious form to the Supreme Court in the proceedings therein above described. See Pet., pp. 11, 12, 16 and 30, Pet. for leave etc., p. 4, Supp.Pet. etc., pp. 2 and 3, which were denied.

Moreover the complaint in the extradition proceeding is adequate as a pleading, and this Court so finds and holds. The challenged pleading discloses the sources of information upon which the allegations of the first paragraph are stated. The basic facts upon which the indictment was laid and the original complaint was based, are incorporated by reference into the complaint submitted to the Commissioner; they are fully analyzed and discussed in the opinion of the Court of Appeals for the Second Circuit (269 F.2d at page 684, et seq.). There is therefore no contention now advanced

that has not been already decided adversely to these relators, in view of the depositions which were before the Court.

The Rauches are presently in custody pursuant to mandate of this Court dated February 26, 1960, and hence are not entitled to the Writ sought by virtue of the laws of the State of New York; see Civil Practice Act, § 1231.

It has heretofore been decided that the indictment laid against the relators was sufficient as a matter of law, to sustain the grant of extradition. The complaint upon which this proceeding was initiated has been heretofore necessarily sanctioned in the legal sense, by the denial of certiorari; it is presently held to be legally sufficient in all respects. Therefore the application for the Writ of Habeas Corpus is hereby denied.

Settle order on two days' notice.