James A. **WHITTAKER**, Appellant,

v.

Winfred **OVERHOLSER**, Superintendent, St. Elizabeths Hospital, Appellee.

**No. 16481.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 4, 1961.

Decided Jan. 25, 1962.

See also 108 U.S.App.D.C. 268, 281 F.2d 631.

Mr. John Silard, Washington, D. C. (appointed by this court), for appellant.

Mr. David C. Acheson, U. S. Atty., with whom Messrs. Nathan J. Paulson, Oscar Altshuler and Abbott A. Leban, Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The appellant was committed to St. Elizabeths Hospital on October 18, 1960 pursuant to 24 D.C.Code Ann. § 301(d) (Supp. VIII 1960) following an acquittal by reason of insanity. He had been charged with carnal knowledge and assault. In April 1961 the appellant was authorized by the District Court to file and did file a petition for writ of habeas corpus without prepayment of costs. Upon the sworn return of appellee Overholser, Superintendent of St. Elizabeths, the District Court summarily dismissed the petition and discharged the order to show cause. No findings of fact or conclusions of law were entered as part of the court's order, but the presiding judge endorsed the file jacket: "Rule discharged and writ denied, *premature.*" (Emphasis added.) It is from this dismissal of the petition without a hearing that the present appeal is taken.

Appellant's inartful petition can be read as alleging that his confinement in St. Elizabeths Hospital was illegal because he was "of sound mind as he does not suffer from schizophrenic reaction, chronic undifferentiated type nor delusion, nor hallucinations and neather [sic] dementia precox with paranoid tendencies, but at all times able to know right from wrong." The concluding paragraph of the petition contained among numerous other allegations appellant's implicit belief that he could prove he was of "sound mind and not danger [sic] to self or society." He further requested court appointment of an independent physician to assist in the presentation of this proof. Superintendent Overholser's return admitted appellant's confinement, but denied its illegality, noting that Whittaker had failed to allege formally in the petition that the respondent acted arbitrarily and capriciously in not certifying appellant's release from the hospital. The return further stated that the respondent and his staff were of the opinion after observation and diagnosis that appellant had "not recovered from his abnormal mental condition, Acute Brain Syndrome Associated with Intoxication," and that he would thus require further treatment before he could be certified as not dangerous to himself or others within the reasonable future if released into the community. Appellant did not traverse the return or in any other way supplement or amend his "pleadings," and it was in this posture of the case that the District Court dismissed the petition without a hearing as "premature."

■■ We think that the petition and the return framed an issue of fact notwithstanding the government's argument to the contrary. Whether this issue of fact was actually determined by the District Court is not clear. Petitions drawn by the inexpert hand of a layman in confinement are not scrutinized for the formal standard we properly require of practicing attorneys. See Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Stewart v. Overholser, 87 U.S. App.D.C. 402, 186 F.2d 339 (1950). Petitioner did not limit himself here to the allegation that he was free from certain named conditions but went on to allege generally that he was of sound mind and not dangerous to either himself or society. Respondent's return noting petitioner's abnormal mental condition thus clearly established a question of fact requiring resolution, assuming it was not raised in untimely fashion. Lewis v. Overholser, 107 U.S.App.D.C. 83, 274 F. 2d 592 (1960).

Precisely what resolution of this question the District Court reached is not made clear by the record. The trial judge's notation of "premature" on the file jacket may be read to mean either that the petition was *procedurally* premature, having been filed too soon after the initial confinement, or premature in the sense that when read with the return of the Hospital Superintendent the pleadings conclusively demonstrated that petitioner's abnormal mental condition still existed, thus making his *release* from the hospital premature on substantive grounds. Denial of the writ on the first ground, that the request for release oc-

curred too soon after confinement, would of course be permissible in the proper circumstances. See Tatem v. United States, 107 U.S.App.D.C. 230, 275 F.2d 894 (1960); cf. Stewart v. Overholser, 87 U.S.App.D.C. 402, 186 F.2d 339 (1950); 28 U.S.C. § 2244 (1958). Similarly, in limited circumstances, "although they would be rare," the petition might be denied on substantive grounds without a hearing. See Tatem v. United States, supra. We cannot determine upon which of these grounds the hearing was denied and the petition dismissed in the present case; nor are underlying reasons made known.

■ As we said in the Tatem case, 107 U.S.App.D.C. at 232, 275 F.2d at 896, "It is * * * imperative that * * * denial of the writ [of habeas corpus] be accompanied by an expression of the reasons for the denial either by informal memorandum, by recitals in an order, or by findings," citing Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) and White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1945). The absence of the findings required by Tatem v. United States, supra, makes it necessary to retain jurisdiction and remand to give the District Court opportunity to amplify the record by clarifying its action and setting forth the reasons underlying that action.

■ If the District Court finding is that the petition is not *procedurally* premature, a hearing should then be held in the interest of saving judicial time on the issue of petitioner's eligibility for release under 24 D.C.Code Ann. § 301(d) (Supp. VIII 1960). See Overholser v. Leach, 103 U.S.App.D.C. 289, 257 F.2d 667 (1958), cert. denied, 359 U.S. 1013, 79 S.Ct. 1152, 3 L.Ed.2d 1038 (1959); Overholser v. O'Beirne, —— U.S.App.D.C. ——, —— F.2d ——. The findings and conclusions reached in any such hearing are to be reported to this court.

Remanded for further proceedings in accordance with this opinion.