Manuel DIAZ, Plaintiff,

v.

CALIFORNIA DEPARTMENT OF COR-
RECTIONS et al., Defendant.

Civ. No. 2870.

United States District Court
S. D. California, S. D.

May 14, 1963.

Manuel Diaz, pro se

Claude B. Brown, Chief Deputy Dist. Atty., San Diego, Cal., for defendants.

WEINBERGER, District Judge.

Petitioner has applied for a writ of habeas corpus to inquire into the legality of his detention by the Director of the California Department of Corrections at the California Rehabilitation Center, Chino, California.

The petition recites in part as follows:

"Petitioner contends:

"He was arrested on the 27th of June, 1962, by San Diego Narcotics Officers and booked in the San Diego City Jail on a void statute (11721 Health and Safety Code), a statute providing criminal punishment for narcotics addiction which was ruled unconstitutional. The officers who

apprehended your petitioner did not have a warrant or narcotic petition for apprehension and your petitioner had not committed any crime. Your petitioner was taken to Superior Court three days later and charged on a 6500 P.C. petition and at that time your petitioner was taken to the County Hospital and held incommunicado and held without bail. This was in direct violation of his constitutional rights under Art. 6, Section 2 of the 8th Amendment of the United States Constitution.

"On the 2nd of July, 1962, your petitioner was caused to appear before Honorable Court Judge William A. Glen, Superior Court, County of San Diego. At this hearing, two gentlemen testified that it was their opinion that your petitioner was a narcotic drug addict. On the basis of the following proceedings, your petitioner was found to be a narcotic drug addict.

"A. The information on a police doctor report for which there were no laboratory tests made, though they were requested.

"B. The information that your petitioner did not want to go to the prison in which he is now incarcerated.

"C. So by this, the proceedings were illegal from the beginning. Your petitioner was not asked how he pleas as per 859a, California Penal Code, and by this, a plea of not guilty must be assumed, and entered as per 1041, California Penal Code, and a trial by jury must be set. (Art. I, Section 7, California Constitution), which was not done, and not waived, even though Section 6500 is a section of the Penal Code, and must be treated as such as per Section 31 of the Civil Code of Procedure.

"Your petitioner was sent to the State Reception Guidance Center at Chino, California, where he was subjected to the same processes as are convicted felons. His finger prints, photograph and description were sent to the F.B.I. and other law enforcement agencies as per 2082 Penal Code, a statute which applies only to persons convicted of a crime, and sentence to serve terms in the respective prisons under the Director of Corrections, which has double barbed wire fences, and employs uniformed guards.

"D. The said imprisonment is in direct violation of the recent United States Supreme Court decision entitled: Lawrence Robinson vs. The State of California [infra], which said in part that it is cruel and unusual punishment to imprison a person merely for the sake of addiction. Your petitioner is incarcerated in a state prison, in close confinement with convicted felons, subject to the will of the Adult Authority, a criminal penalty board, and forced into servitude in violation of Art. I, Section 8, of the California Constitution, and the 13th Amendment of the United States Constitution, which prohibits the enforced subjection to another's will except as punishment for a crime. He is, in short, being subjected to extremely cruel and unusual punishment for no crime."

Petitioner asserts that his detention is illegal, in violation of the California Penal Code, the California Constitution and the United States Constitution and in direct violation of a recent Supreme Court decision, Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758.

Section 2254 of Title 28 U.S.C.A. provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or

the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

■■ The burden is upon the petitioner to affirmatively set forth in his petition for habeas corpus what remedies he pursued in the state court; the burden is not upon the respondent to point out the state court remedies of which petitioner failed to avail himself. (Thompson v. Overlade, 7 C.A., 1954, 216 F.2d 492, 493.) However, petitions drawn by an inexpert hand of a layman in confinement are not scrutinized for the formal standards we ordinarily require of practicing attorneys. (Whittaker v. Overholser, 112 U.S.App.D.C. 66, 299 F.2d 447, 448.) Because this petition was filed by a layman in confinement, we asked the assistance of the District Attorney of this County on the question of whether petitioner had exhausted his state court remedies.

Respondent has pointed out, in his discussion filed pursuant to our request, that petitioner had the right, under Section 6506 of the Penal Code of the State of California to ask for and to have a jury trial on the question of whether he was a person addicted to or about to become addicted to, narcotics, provided he made such a request within 10 days after the commitment. There is no allegation in the petition that applicant asked for such a jury trial. Likewise there is no allegation that he was denied such a jury trial. This failure to ask for a jury trial would, in our opinion, preclude petitioner's bringing before us the question of his addiction. But petitioner has not stated he is *not* such a person as is described in Section 6500, the Section under which he was committed, and evidently is not urging the merits of his commitment.

Petitioner has not stated what questions he raised in his application to the Superior Court in San Bernardino, in his application to the District Court of Appeal, in his application to the Supreme Court of the State of California; he presses most strongly his theory that Section 6500 of the California Penal Code is in violation of the laws of California and the Constitution of the United States—that he is, under this section, imprisoned as a criminal without having committed a crime.

It seems to us there is no purpose in inquiring into the allegations of petitioner's applications in the California Superior Court, the District Court of Appeal, the Supreme Court of California. If he did not there raise the questions he seeks to present to us, we are precluded from considering them here.

If petitioner did raise, in the state courts, the constitutional questions which he seeks to have this Court decide, we are still barred from considering such questions, because it does not appear that he has approached the United States Supreme Court. This he must do, barring extraordinary circumstances (which his petition gives us no reason to suspect exist) before he applies to a Federal district court.

■ The exhaustive discussion contained in the opinion of the Supreme Court of the United States in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, makes it clear that resort to such court is considered a step in exhaustion of the state remedy in the sense that term is used in the field of habeas corpus. (Darr v. Burford, 339 U.S. 200, 212, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 767, 65 S.Ct. 978, 89 L.Ed. 1348.)

■ We must therefore conclude that petitioner has failed to exhaust his state remedies and that his petition should not be granted. A hearing is not required. (Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3.)