**Earl M. OWENS, Appellant,**

v.

**John P. TRAYNOR, Deputy Commissioner, U. S. Department of Labor, and Bethlehem Steel Company, Appellees.**

**No. 12096.**

United States Court of Appeals
Fourth Circuit.

Argued May 6, 1968.

Decided June 19, 1968.

Certiorari Denied Nov. 25, 1968.
See 89 S.Ct. 401.

784

Joseph F. Lentz, Jr., Baltimore, Md., for appellant.

George M. Lilly, Atty., Department of Labor (Charles Donahue, Sol. of Labor, Alfred H. Myers, Frank V. McDermott, Jr., Attys., Department of Labor, Stephen H. Sachs, U. S. Atty., and Alan B. Lipson, Asst. U. S. Atty., on brief), for appellee Traynor.

Joseph H. Young, Baltimore, Md. (Jesse Slingluff, Baltimore, Md., on brief), for appellee Bethlehem Steel Co.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

PER CURIAM:

Earl M. Owens, a test engineer for Bethlehem Steel Company, fell while at work, sustaining a back injury. The Deputy Commissioner of the Department of Labor entered a compensation order awarding him benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., for temporary total disability for a two-month period during which a bilateral lumbar dissectomy was performed. Owens then applied for a permanent partial disability award based on an alleged loss of wage-earning capacity. This claim was rejected by the Deputy Commissioner, who, in a second paragraph of the order, curiously provided that "the matter is hereby continued for consideration of further disability."

On appeal, the District Court, noting the provision of the Act that "the deputy commissioner may * * * at any time prior to one year after the rejection of a claim review a compensation case in accordance with the procedure prescribed * * * and * * * issue a new compensation order * * *,"[1] remanded the case for a clarification of the equivocal language of the order.[2]

The Deputy Commissioner then filed a second order in which he again rejected Owens' claim for permanent partial disability for the reason that no present loss of wage-earning capacity had been shown and, also, stated that by the language in question in his earlier order, he had intended to allow for a reconsideration of an award after the expiration of the one year period. This concededly ineffectual attempt to provide for an extrastatutory continuation has no effect on the rejection of Owens' claim for permanent partial disability.[3]

There is ample evidence to support the Deputy Commissioner's findings of fact, including his ultimate finding that no loss of wage-earning capacity has been shown. The claimant experiences some pain in his back when golfing or shoveling snow, but he is able to perform all phases of his relatively sed-

1. 33 U.S.C. § 922.

2. Owens v. Traynor, D.Md., 274 F.Supp. 770.

3. We do not reach, on this record, the question of whether the Commissioner may, in a given case, make a finding of partial permanent disability and at the same time postpone beyond the one-year period the precise determination of its extent.

entary engineering duties. In fact, his post-accident earnings substantially exceed those before.

Affirmed.