**Cloudies SHINALL, Appellant,**

v.

**C. E. BREAZEALE, Superintendent of the Mississippi State Penitentiary, Appellee.**

**No. 25807.**

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1968.

Jack H. Young, Jackson, Miss., Barbara A. Morris, New York City, for appellant.

Joe T. Patterson, Atty.Gen., Jackson, Miss., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

---

11. Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 472, 69 L.Ed. 904 (1925).

## 786

CABOT, District Judge:

Cloudies Shinall, state prisoner, appeals from the denial of his petition for writ of habeas corpus. Petitioner was convicted of murder on August 6, 1966, in the Circuit Court of Forrest County, Mississippi. Inasmuch as the jury in its verdict did not recommend mercy, the trial judge was required to and did impose the death penalty. This was the second trial for petitioner, an earlier conviction and death sentence having been reversed because of exclusion of Negroes from the grand and petit juries. Shinall v. State, 187 So.2d 840 (Miss.1966). This second conviction was also appealed and affirmed, Shinall v. State, 199 So.2d 251 (Miss.1967), and the United States Supreme Court denied a petition for certiorari, Shinall v. Mississippi, 389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967). Petitioner then filed an application in the Mississippi Supreme Court for leave to file a petition for writ of error *coram nobis*, Mississippi Code Annotated § 1992.5, which was denied without opinion on January 15, 1968. Having exhausted his only available state post-conviction remedy, the petitioner filed the instant petition in the United States District Court for the Northern District of Mississippi on January 23, 1968. That same day Circuit Judge Clayton, sitting as a district judge, granted leave to petitioner to proceed *in forma pauperis* and transferred the case to the Southern District of Mississippi, the district of conviction. On January 30, 1968, a rule to show cause was issued with a return date of February 6, 1968. After hearing on the rule, the district court denied the petition without an evidentiary hearing.

Petitioner raised a number of grounds in the district court, which for convenience may be grouped. The first group concern the alleged constitutional infirmities with the choice of grand and petit jurors. Under this group, petitioner contended:

1. That Negroes were excluded from the venire of the grand and petit juries which indicted and convicted petitioner. This complaint concerns the actions of the registrar of Forrest County, Mississippi.

2. That the state prosecutors aided in the exclusion of Negroes from the petit jury by using their peremptory challenges to excuse any Negroes.

3. That women by law are excluded from jury service in Mississippi. White v. Crook, 251 F.Supp. 401 (M.D.Ala. 1966).

4. That persons conscientiously scrupled against the death penalty were excluded for cause. Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

The next group involve the imposition of the death penalty in this case. Under this group petitioner contended:

1. That the death penalty violates petitioner's due process rights in that it exceeds the maximum statutory penalty for homicide committed while resisting unlawful arrest. With regard to this ground, petitioner contends that the attempted arrest of petitioner by the deceased, a constable, was constitutionally unlawful and that therefore the most he could be guilty of was homicide committed while resisting unlawful arrest, a statutory non-capital crime in Mississippi.

2. That the Mississippi statute which allows the petit jurors to decide the penalty of life or death is a denial of due process in that the jurors are left to their unfettered, unreviewable, and unregulated discretion in that there are no standards for the jury to determine the proper penalty.

3. That the above-mentioned procedure is further constitutionally defective in that it forces a defendant such as petitioner to choose between two constitutional rights. Since, as petitioner points out, the verdict on guilt and punishment are returned simultaneously, the defendant who wishes to exercise his right to allocution is forced to take the stand during his trial and thus waive his privilege against self-incrimination, and of course the converse, that is, if he elects

not to take the stand and exercise his privilege against self-incrimination he is forced to waive his right to allocution.

■ All the grounds raised under the above two groups were raised before the Mississippi Supreme Court and it thus appears that the petitioner has exhausted his state remedies. However, in the district court petitioner raised two other grounds—denial of the right to present a defense of justifiable homicide and denial of counsel at post-arrest interrogation stages, which, it appears, were not raised in the state courts. As to these two grounds then, it would appear that the Court was not in error in denying the petition for failure to exhaust state remedies.

■ The sole question which petitioner raises in this Court is whether upon his petition he was entitled to an evidentiary hearing. Initially, it is difficult to determine this issue in that the order of the lower court denying the petition states no findings or reasons for the denial. As one court has held,

> [I]t is therefore imperative that denial either of leave to file the petition [of habeas corpus] or denial of the writ itself, be accompanied by an expression of the reasons for the denial, either by informal memorandum, by recitals in an order, or by findings [citing cases]. The failure to make such findings in this case requires a remand for further consideration and findings. Tatem v. United States, 107 U.S.App.D.C. 230, 275 F.2d 894, 896 (1960).

In addition the transcript of the hearing on the rule to show cause was not made a part of the record before this Court. However it is clear that the petition raised a number of factual allegations which if proven would entitle petitioner to relief. For example, the question of whether Negroes have been unconstitutionally excluded from the grand or petit juries, whether persons conscientiously scrupled against the death penalty were excluded from the petit jury in such a manner so as to violate the rule set forth in Irving v. Breazeale, 400 F.2d 231, Fifth Circuit, August 27, 1968, and whether the homicide arose from an unlawful arrest, are all factual disputes upon which petitioner may be entitled to an evidentiary hearing. Of course, if a full and fair evidentiary hearing was held on the state level on some or all of these points, then the district court may not require a hearing as to those points, 28 U.S.C. § 2254(d).

While some of the points raised in the petition are purely legal issues upon which this Court could rule at this time, the petitioner recognizes and we agree that the better procedure would be to re-submit the entire case to the district court on all points, with the exception of those on which the petitioner failed to exhaust his state remedies, for complete determination.

Accordingly, the case is remanded to the district court for further consideration in accordance with this opinion. The stay of execution entered February 21, 1968, shall continue pending the final determination of this case in the district court and the appeal thereon, if any.