**Dallas O. WILLIAMS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Misc. 3283; No. 22261.

United States Court of Appeals
District of Columbia Circuit.

Jan. 15, 1969.

Certiorari Denied May 19, 1969.
See 89 S.Ct. 1762.

Mr. Dallas O. Williams, pro se.

Messrs David G. Bress, U. S. Atty., Frank Q. Nebeker and Robert S. Bennett, Asst. U. S. Attys., entered appearances for respondent.

Before WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

This case is before us on appeal [1] from the District Court's refusal to file petitioner's motion claiming ineffective assistance of counsel.

When the application was before us previously, the file did not contain any statement of the reasons of the district judge and accordingly we had to remand in order to obtain those reasons. The district judge has filed a Memorandum of his reasons that was not provided in the first instance, but has been supplied in accordance with our order of remand.

█ In 1960 we held that it is not proper for a district judge to deny leave to file a habeas corpus petition without prepayment of costs unless he expresses his reasons, using whatever form he considers most convenient—informal memorandum, recitals in an order, or findings.[2] The requirement that he state his reasons minimizes the possibility of an arbitrary abuse of power. As Judge Burger pointed out, a statement of reasons is necessary, if only to set forth whether the action is taken for reasons going to the lack of merit or because the applicant is not considered to qualify as a pauper.

We have prepared this opinion, again restating the applicable legal requirement, because the response to our remand came in the form of a Memorandum, which the district judge caused to be mimeographed, stating that in view of petitioner's own comment at sentencing time, "I am at a loss to know why the appellate court remanded the case to this

---

1. While petitioner's caption is "Answer to Memorandum," that suffices for purposes of jurisdictional requirement.

2. Tatem v. United States, 107 U.S.App. D.C. 230, 275 F.2d 894 (1960).

court to state its reasons why the filing of Williams' petition was denied." Another paragraph reads: "If, under the circumstances of this case considering the files and records, the Court of Appeals wants Williams' dilatory and meritless motion filed, then all they have to do is to say so, for I have no intention of allowing it to be filed."

These comments not only reflect an unawareness of the legal duty resting on the district judge, as delineated in the opinion cited above, but may also have contributed to a misunderstanding of the function of the district judge by other district judges and the public, advised through the press of the contents of the mimeographed Memorandum. The confusion quickened by the judge's failure to heed applicable legal principles may well have been sharpened by the tone of his Memorandum.

This court's order in no way indicated that the petition was required to be filed. It only asked that the district judge indicate why it was not filed. Where the district judge has considered the matter, it is easy for him to make a brief statement identifying the point or record reference that shows the petition is without merit; this avoids the necessity that the appellate court, less familiar with the record, will have to do unnecessary work in perusing the papers. The appellate court rightly gives deference to the reasons set forth by the district judge, if supported in the record, but it is hardly in a position to accord such deference when the reasons have never been stated by the district judge.

Fortunately, the Memorandum of the district judge included, in addition to the remarks already noted, a statement of his reasons for rejecting the petition. Now that the district judge has performed his function and stated his reasons for refusing leave to file the petition, we can perform ours, and state that they are satisfactory.

We take this occasion to note, what this court has previously indicated by order, that it would facilitate judicial administration of these matters if the district judge would simply file the pleading and deny it for lack of merit rather than deny leave to file the document with the court.

Petition denied.