**Robert Felton MOORE, Plaintiff-Appellant,**

**v.**

**A. L. DUTTON, Warden, Georgia State Prison, Defendant-Appellee.**

**No. 27603.**

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1970.

---

4. Senate Report No. 382, 82nd Cong., 1st Sess., pp. 6–7 (2 U.S.Code Congressional and Administrative News (1951) pp. 1530, 1535).

Murray M. Silver, Atlanta, Ga., A. Blenn Taylor, Brunswick, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Larry H. Evans, Asst. Attys. Gen., for appellee.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Robert Felton Moore was convicted of murder and sentenced to death by electrocution on April 14, 1966, after a jury trial in the Superior Court of Camden County, Georgia. With the assistance of counsel, Moore took a direct appeal to the Supreme Court of Georgia which affirmed the death sentence and the trial court's denial of motion for new trial. Moore v. State, 222 Ga. 748, 152 S.E.2d 570, rehearing denied November 23, 1966.

Thereafter, Moore filed his habeas corpus petition in the City Court of Reidsville, Georgia, alleging that his conviction and death sentence were invalid because: (1) his confession was coerced; (2) he was deprived of his right to counsel; and (3) members of the Negro race were systematically and unconstitutionally excluded from the grand jury which indicted him and the trial jury which found him guilty. On April 14, 1967, the City Court, after a full evidentiary hearing, denied Moore's petition. Appeal was timely taken to the Supreme Court of Georgia which affirmed. Moore v. Dutton, Warden, 223 Ga. 585, 157 S.E.2d 267 (1967).

December 1, 1967, appellant petitioned the U.S. District Court, Southern District of Georgia, for writ of habeas corpus. That court denied the application without holding an evidentiary hearing. On appeal, this Court, on May 21, 1968, reversed and remanded, Moore v. Dutton, Warden, 5 Cir. 1968, 396 F.2d 782, 783, stating:

"The record before us strongly indicates that the United States District Court did not examine and consider the state court record of the appellant's conviction or the state court record of the hearing held on his petition for writ of habeas corpus in the state court. On oral argument counsel for

the appellee, evidently realizing that serious federal constitutional questions have been raised by the petition in the federal district court, forthrightly conceded that this cause should be reversed and remanded to the United States District Court for the Southern District of Georgia for a hearing."

In a corrected opinion filed July 5, 1968, we instructed the lower court to determine from the state records if a further factual hearing was necessary, and if so, and if no such hearing had been commenced prior to the court's corrected opinion, such factual hearing should be held in the Georgia courts under the new Georgia post-conviction procedure, Habeas Corpus Act of 1967, Act No. 562 (S.B.171), Ga.Laws, pp. 835–839, 1967 Sess., approved April 18, 1967, reproduced as an appendix to McGarrah v. Dutton, 5 Cir. 1967, 381 F.2d 161, 166.

The district court on remand again denied appellant's habeas corpus petition and determined that a further evidentiary hearing was unnecessary, asserting that the state habeas procedure had provided appellant with fair and full hearings which produced findings supported by substantial evidence. Appellant appeals this denial of habeas corpus on the same grounds raised in the City Court of Reidsville, Georgia.

Finally, relying upon the retroactive application of Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), see footnote 22 at page 523 of Volume 391 U.S., at pages 1777–1778 of 88 S.Ct., Moore contends for the first time on this appeal that error was committed at trial because of the unconstitutional exclusion of veniremen when they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. We affirm in part and reverse in part.

The major issue before this Court is whether or not the district court, on remand, erred when it determined that a further evidentiary hearing was not necessary. We hold that the state courts had afforded sufficient hearings upon the coerced confession and deprivation of counsel issues, but that it was error for the district court not to provide for a further factual hearing on the discriminatory jury selection issue.

██ We lump Moore's first two contentions together for discussion. The district court upon remand from this Court held that the state record was sufficient and that appellant's confession appeared entirely voluntary. Moreover, it was held that the state records show appellant was apprised of his right to appointed counsel, but that appellant waived this right by not electing to request counsel in a pre-*Miranda*[1] situation. Examination of the record of the state proceedings demonstrates that these two contentions were considered at length during the state trial and state habeas corpus proceedings. The record discloses that appellant was given a full and fair hearing in the state court. In passing upon a state prisoner habeas corpus petition the federal courts are not required to hold a second evidentiary hearing on any point upon which a full and fair hearing was held at the state level. Title 28, U.S.C., Sec. 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Ryan v. Wainwright, 5 Cir. 1970, 424 F.2d 198; Vera v. Beto, 5 Cir. 1970, 422 F.2d 1052, and Shinall v. Breazeale, 5 Cir. 1968, 404 F.2d 785. It was not error for the court below to fail to require a further factual hearing with respect to the appellant's coerced confession and deprivation of counsel claims. The evidence was conflicting as to the merits of these two contentions but we conclude that the district court correctly decided that the determinations of fact by the state court were fairly supported by the record as a whole.

██ Appellant's third contention was raised for the first time in the state

---

I. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.

3d 974 (1966), was decided June 13, 1966. Moore's trial was in April 1966.

habeas corpus proceeding. Appellant alleged that the grand jury which indicted him and the trial jury which convicted him were discriminatorily empanelled in that the names were taken from the Tax Digests of real property owners and did not represent a fair cross section of the community,[2] and that the names of Negro citizens were systematically excluded. The district court on remand held that appellant had intentionally and deliberately bypassed state procedures, because his counsel did not fully develop the jury exclusion contention during the state habeas corpus proceeding. The state habeas record does not support this holding. During the habeas hearing, appellant's attorney questioned the former Camden County Solicitor on jury selection and verified that the panels in 1966 were chosen from Tax Digests made up of real property owners. Appellant's counsel did not introduce or seek to produce any other specific evidence of discriminatory exclusion. He apparently rested on the assumption—valid perhaps, but not proven —that most Camden County Negroes were poor and were non-proprty owners and were thus automatically and unconstitutionally left off the jury rolls.

This is far from demonstrating a "deliberate" by-pass or forfeiture of the right to raise the exclusion contention. The determination of the forfeiture and consequent denial of the right to assert federally guaranteed constitutional rights before a federal court is a drastic step. The criteria for reaching a decision that a deliberate by-pass took place are correspondingly strict. Ronald P. Sokol, Federal Habeas Corpus, § 22.3, at 167–168 (2d ed. 1969). The test was set out by the Supreme Court in Fay v. Noia, 372 U.S. 391, 438, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), in this language:

[A] "federal habeas judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies. * * * If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—*though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default*". (Emphasis added.)

There is simply no evidence in the state habeas record which even suggests that this appellant understandingly, knowingly and *deliberately* by-passed the right to contend that he was indicted by and tried before unconstitutionally empanelled juries.

Approval of the district court's reliance upon the "deliberate by-pass" doctrine as a bar to further consideration of the jury exclusion contention in this death case would lead to an unconscionable and harsh result. The issue should be fully explored. Especially is this so because the state habeas record indicates that the exclusion contention has probable verity and lends itself easily to further exploration. The facts are at hand and must be developed. We reach this result with full awareness of the teachings of Cobb v. Balkcom, 5 Cir. 1964, 339 F.2d 95, that a district court's determination of deliberate by-pass are not to be taken lightly. The power of a federal court in the administration of its habeas corpus jurisdiction relating to federal constitutional rights may go beyond state court procedural confines. Whitus v. Balkcom, 5 Cir. 1964, 333 F.2d 496. It is the duty of the district court to require an evidentiary hearing unless the state court trier of fact has after a

2. Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967).

full hearing reliably found the relevant facts. Townsend v. Sain, supra. The district court should either have itself held a further evidentiary hearing as to this point or have withheld ruling pending full determination by the state court. In the circumstances of this case we conclude that relegation of the matter to the state court would be time-consuming and unnecessary. Upon remand the district court is directed to provide full opportunity for exploration of this issue in that court.

◼◼ Lastly, appellant for the first time on this appeal contends that his constitutional rights have been violated by exclusion of veniremen at his trial who had conscientious scruples against the death penalty. *Witherspoon,* supra. We agree with the appellee that since this issue was not raised in the state court[3] the appellant should normally be required to exhaust his state remedies under the Georgia Habeas Corpus Statute, supra, before being permitted to raise the issue in the federal courts. Title 28, U.S.C., Section 2254. We are mindful of the principles of comity and federalism which dictate that state courts be given the first opportunity to interpret state law and *Witherspoon's* application thereto. Cf. Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261, 270, 271. But we conclude that under the circumstances of this case, the interest of justice and judicial economy as well as concern for the effects of delay and uncertainty upon the plaintiff-appellant would all best be served by remanding this issue along with the discriminatory jury selection issue to the district court for determination on the merits after full hearing.

Robert Felton Moore has been a death-row prisoner since April 14, 1966. Any further delay caused by a requirement for further exhaustion of state remedies would not serve to enhance the state-federal relationship. It would simply serve to prolong without need the nerve strain inherent in the uncertainty of appellant's prospects. Finality should bring Moore some peace. As the Supreme Court observed in Fay v. Noia, supra: "Our decision today affects all procedural hurdles to the achievement of *swift* and imperative justice on habeas corpus * * *" 372 U.S. at page 435, 83 S.Ct. at page 847. A principal aim of the writ of habeas corpus is *swift* judicial review. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

The record before us does not contain the state trial transcript[4] and hence any determination as to the effect on this death conviction of *Witherspoon* will have to be decided upon remand. *Witherspoon* was decided June 3, 1968, after our decision of May 21, 1968, on the prior appeal. 396 F.2d 783. *Witherspoon's* retractivity was established by the Court's footnote 22 at page 523 of 391 U.S., at pages 1777–1778 of 88 S.Ct., 20 L.Ed.2d 776.

Appellant asserts on brief and in oral argument that had the district court conducted a plenary hearing as directed by our remand at 396 F.2d 783, the *Witherspoon* question would have been fully raised before that court at such

3. *Witherspoon* was not decided or applied retroactively until after Moore had exhausted his state remedies in 1967.

4. We note without further comment the following statement in appellant's brief: "That at the time of appellant's trial (April 14, 1966) there was in full force and effect the Georgia Code Section 59–806 Questions on voir dire on trial for felony. (Acts 1855–6, p. 231) subparagraph 4. 'Are you conscientiously opposed to capital punishment?' 'If he shall answer this question, in the negative, he shall be held a competent juror.' Fact that juror is opposed to capital punishment is ground for challenge at instance of State where accused is on trial for offense which may be punished by death. Johnson v. The State, 48 Georgia Reports 116(2). In the original trial those who were members of the jury that had conscientious scruples against capital punishment or who were opposed to capital punishment were excluded."

hearing. Instead, as the record reflects, the district judge, on December 16, 1968, without holding or affording an opportunity for a hearing, again denied relief.

Upon remand, the district court is directed to afford a full plenary hearing on the merits of the discriminatory jury selection issue and the *Witherspoon* question.

We affirm the district court's determinations as to the coerced confession and deprivation of counsel issues.

Affirmed in part and reversed and remanded in part with directions.