Roosevelt WALKER, Petitioner-Appellant,

v.

S. L. SMITH, Warden, Georgia State Prison, Respondent-Appellee.

No. 31042

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 4, 1971.

Roosevelt Walker, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Dorothy T. Beasley, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Roosevelt Walker, who alleges he is a total illiterate, was convicted by the State of Georgia in two different counties on the same day of ten separate charges of burglary and theft by taking. He received consecutive three-year sentences, cumulating 30 years. In the same spate he was also convicted of the misdemeanor of carrying an unlicensed, concealed pistol and received a six-month concurrent sentence. All convictions were based upon pleas of guilty signed by his court-appointed attorney but not by

* [1] Rule 18, 5th Cir.; see Isbell Enterprises Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

Walker. These pleas included waivers of notice of arraignment, arraignment, *counsel,* indictment, service of a copy of the indictment and a list of witnesses. Federal habeas corpus relief was denied without a hearing, based upon an abandonment by Walker of appellate review rights in State habeas corpus proceedings and upon finding that his substantive claims had been fairly and adequately developed in his state habeas hearing and were without merit. We determine that the record will not support either determination and reverse and remand for an evidentiary hearing.

Subsequent to his imprisonment, Walker brought an action for habeas corpus relief in the Superior Court of Tattnall County, Georgia raising contentions that his arrest was illegal, that his alleged waiver of his right to counsel and his right not to incriminate himself was involuntary, that he was denied a right of trial by jury, and that appointed counsel inadequately assisted him in his defense. At a hearing held by the State habeas court, Walker appeared and testified that the authorities had questioned him for five days without counsel, that he had asked his appointed counsel to plead him not guilty and ask for a jury trial, that he had never seen the attorney prior to his court appearance and then had only five minutes to talk with him before he was tried, that he did not understand that a plea of guilty was being entered for him by this attorney, that the authorities had tried to get him to sign some kind of papers in the courtroom and at the jailhouse but that he had refused to sign, that the only thing he told the judge in open court was that he was not pleading guilty because he had not done anything to plead guilty for.

The only contrary evidence presented at the hearing consisted of the introduction of written interrogatories to and answers by Walker's court-appointed attorney, which were offered at the habeas hearing without objection from Walker. Some of the interrogatories provoked more than a perfunctory, conclusory response. For example:

Q. Did you have occasion to represent one Roosevelt Walker at any time, and if so, when?

A. Yes, I had occasion to represent Roosevelt Walker sometime during the morning of August the 29th, 1969.

Q. Did you have occasion to discuss the charges with Roosevelt Walker, and if so, to what extent?

A. When I first met Roosevelt Walker, he was with Sheriff B. T. Lingold and Deputy Sheriff Mack Hall. He stated at that time and in their presence that he was guilty of all of the charges that they had against him. After that, I discussed the cases with Roosevelt Walker privately.

Q. Did you refuse to represent Roosevelt Walker if a jury trial were to be held?

A. He gave no indication of desiring a jury trial; in fact, he stated specifically that he wished to enter pleas of guilty on all of the charges.

Q. Was Roosevelt Walker advised of his rights in court?

A. Yes.

Q. If so, to what extent?

A. He was advised that he had a right to jury trial and to have counsel represent him at a jury trial.

Most other interrogatories were answered in one word, thusly:

Q. Did you explain the nature of the charges to Roosevelt Walker, and if not, why not?

A. Yes.

Q. Did you explain to Roosevelt Walker that he had a right to trial by jury, and if not, why not?

A. Yes.

Q. Was the plea entered voluntarily?

A. Yes.

Q. Did you attempt to secure Roosevelt Walker's signature on the plea?

A. No.

Q. Did Roosevelt Walker waive indictment, copy of indictment, special presentment and list of witnesses, and formal arraignment?

A. Yes.

Before the state habeas hearing was closed it was developed that the State of Georgia had originally noticed the deposition on oral examination of Walker's court-appointed attorney at his office in Milledgeville, Georgia on December 10, 1969. When Walker demanded to be present at the taking of the deposition in this manner, the State apparently withdrew its notice and served written interrogatories pursuant to the Georgia Civil Practice Act § 31 (Ga.Code Ann. § 81A–131). However, the record before the federal district court fails to show when these written interrogatories were served on Walker. Walker failed to propound any cross-interrogatories within the ten-day period allowed.

Walker had requested the assistance of counsel in connection with the presentation of his habeas corpus petition in the Tattnall County Superior Court but his request had been refused. While this decision does not, in itself, raise federal constitutional questions, it is pertinent to the resolution of other issues presented. This is particularly critical when evidentiary procedures which negate the normal civil right of cross-examination are to be followed in the habeas hearing.

On March 27, 1970, four days after the Superior Court of Tattnall County, Georgia denied habeas corpus relief, Walker gave notice of appeal to the Supreme Court of Georgia and moved that court to appoint counsel, on the grounds that counsel was mandatory under the rules of that court.[1] On May 14, 1970, the Clerk of the Superior Court certified the record of its proceedings to the Supreme Court. On May 21, 1970, Walker renewed his motion to that latter court for the appointment of counsel in connection with his appeal. On Friday, May 22, 1970, the Clerk of the Supreme Court wrote a letter to Walker stating that the Chief Justice had directed the Clerk to advise Walker that the court had no authority to appoint counsel for anyone in any case, but that as an alternative Walker himself could file an enumeration of errors and a brief in that court. The letter closed with a reminder to Walker that the last day for filing the required enumeration of errors was Monday, May 25. In his petition to this court, Walker avers that he received this letter from the Clerk of Court on Sunday, May 24, 1970.[2] On July 13, 1970, Walker's appeal in the Supreme Court of Georgia was dismissed "for want of prosecution."

Walker's petition for federal habeas corpus relief was denied by the district court without a hearing on the dual grounds that he abandoned his appeal to the State Supreme Court and, alternatively, that an independent examination of the transcript and findings of the State Court disclosed that petitioner had a fair and adequate hearing which correctly determined that there was no constitutional infirmity in his convictions. Accordingly, the court adopted the findings of the State trial court as regards Walker's claims of deprivation of his constitutional rights.

Walker's failure to meet the Sunday-noticed, Monday deadline for service of an enumeration of errors cannot be equated with the requisite deliberate intent to waive his appellate rights. The record further demonstrates that, despite

---

1. Supreme Court Rule 34, in pertinent part, provides:

> On the call of a case, if the appellant be unrepresented * * * the case will be dismissed for want of prosecution and will not be reinstated except for providential cause.

2. The June 8, 1970 docket notice to Walker of the setting of his case contained this notice:

> All cases, whether heard orally or by briefs, must be represented by attorneys who shall have been admitted to the bar of the Supreme Court before the call of the case.

his illiteracy and lack of counsel, he managed to place before that appellate tribunal a record containing a transcript of the hearing before the Tattnall County Superior Court and a copy of his habeas petition to that court, which disclosed his illiteracy and assigned the errors he claimed were committed in the course of his criminal convictions. Under the facts revealed by this record, Walker did not exercise a considered choice to abandon or deliberately by-pass his right to appeal from the denial of his State habeas corpus petition. Moore v. Dutton, 432 F.2d 1281 (5th Cir. 1970); *see also* Colson v. Smith, 438 F.2d 1075 (5th Cir. 1971).

■ Against the backdrop of this cause in which the claims of an indigent illiterate are denied without a hearing, based upon a record which is supported only by uncrossed written interrogatories to his court-appointed attorney whose competency has been specifically attacked, the trial court should have held an independent hearing to determine whether there was any basis for federal habeas corpus relief. Molignaro v. Dutton, 373 F.2d 729 (5th Cir. 1967); McGarrah v. Dutton, 381 F.2d 161 (5th Cir. 1967). Of course we neither intimate nor hint at what the results of such a hearing might show. We hold only that the present record is too slender a reed to support the district court's denial of the writ. *Cf.* Goldberg v. Kelly, 397 U.S. 254, 269, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

The cause is reversed and remanded to the district court with directions to hold an adequate evidentiary hearing to permit Walker to develop his contentions that he was deprived of his constitutional rights in connection with his criminal conviction by the State of Georgia, and to accord Walker representation in connection with such hearing if that court should, in its discretion, determine that such representation is required by the interests of justice.

Reversed and remanded.