UNITED STATES of America, Plaintiff-Appellee,

v.

Frederick John FAZIO, Defendant-Appellant.

No. 82–8330
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 6, 1983.

John Privitera, Washington, D.C., for defendant-appellant.

Melissa S. Mundell, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a motion to set aside or vacate sentence, pursuant to 28 U.S.C. § 2255. On November 20, 1978, following a jury trial, appellant was convicted of conspiracy to possess marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On direct appeal, the conviction was affirmed. *United States v. Butler,* 611 F.2d 1066 (5th Cir.1980). Petition for rehearing was denied. Petition for writ of certiorari was also denied. *Fazio v. United States,* 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980).

Appellant then filed a petition under 28 U.S.C. § 2255 based upon the intervening Supreme Court authority of *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Petitioner claimed that his arrest while he was asleep in the house of a codefendant occurred in violation of the fourth amendment, having taken place without a warrant and in the absence of exigent circumstances. The government argued below that *Payton* is inapplicable to warrantless arrests occurring in the home of a third party; that exigent circumstances existed; and that, in any case, the application of *Payton* was probably intended to be prospective only.

Following an evidentiary hearing, the district court denied relief in a written order without a statement of reasons. Under the circumstances of this case the silence of the district court is opaque.

Among the issues which require explanation is whether petitioner's claim under *Payton* was disallowed on substantive or procedural grounds. The date of the district court opinion denying the writ was May 20, 1982. Although some three months

earlier, we had observed in *United States v. Marszalkowski,* 669 F.2d 655, 663–64 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 208, 74 L.Ed.2d 167 (1982), that the criteria for determining the retroactivity of a new constitutional rule militated against the retroactive application of *Payton, Marszalkowski* was decided on exigent circumstances grounds. At the time of the district court order, the retroactive applicability of *Payton* was an unsettled point of law in this circuit. This is no longer true. In *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), decided one month after the district court order in this case, the Supreme Court held that *Payton* was "to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." 457 U.S. at 562, 102 S.Ct. at 2594. In its brief on appeal, the government now concedes the formal applicability of *Payton.*

We observe also that the legality of warrantless arrests in homes owned by third parties is an area of rapidly evolving law and distinctions which turn upon particular facts and circumstances. No findings have been made by the court below on whether the defendant had an expectation of privacy in the house where he was arrested. Without such findings the merits of the appeal cannot be decided.

The government argues that, in any case, exigent circumstances existed because the arrests occurred while Fazio's coconspirators were leaving the scene by automobile. While this is true, it is equally true that all the coconspirators were under intensive police surveillance as they unloaded the marijuana, for several hours prior to the arrest, during which time no effort was made to procure a warrant. Findings of fact are, therefore, also required on the question of exigent circumstances.

Under 28 U.S.C. § 2255, the court, having granted a hearing on a petition for writ of habeas corpus, is required to "determine the issues and make findings of fact and conclusions of law with respect thereto." We previously have stressed the importance of this requirement. *Washington · v. Strick-*

*land,* 673 F.2d 879, 907 (5th Cir.), *rev'd on other grounds,* 693 F.2d 1243 (5th Cir.1982) (en banc); *Shinall v. Breazeale,* 404 F.2d 785 (5th Cir.1968). Especially in a rapidly evolving area of law such as this one an articulation of the court's reasons for rejecting a habeas claim is obviously important for *stare decisis* purposes, as well as for considerations of judicial economy on appeal.

We therefore remand for findings of fact and conclusions of law in the light of *United States v. Johnson* and consistent with this opinion.

REMANDED.