**UNITED STATES of America**

v.

**Murray Bowman BROWN.**

**Crim. No. 6838.**

United States District Court
E. D. North Carolina,
Wilmington Division.

Dec. 8, 1966.

Robert H. Cowen, U. S. Atty., Alton T. Cummings, Asst. U. S. Atty., Raleigh, N. C., for plaintiff.

S. Bunn Frink, Southport, N. C., for defendant.

## OPINION AND ORDER

BUTLER, Chief Judge.

This is a petition by a federal prisoner for a rehearing of a motion for leave to appeal in forma pauperis. Petitioner was convicted of a violation of the Internal Revenue laws relating to liquor and sentenced on May 26, 1966, to three years in prison. Notice of appeal in forma pauperis was received by mail at the office of the Clerk of this court on June 14, 1966, and leave to appeal in forma pauperis was denied by order of this court dated June 21, 1966, for the reason that petitioner had failed to file notice of appeal within the 10 day period prescribed by Rule 37(a) (2), F.R.Crim.P.

Petitioner's "Petition for Rehearing", which was filed on August 2, 1966, alleges that he had not discussed appeal

with his self-employed counsel; that the day he was sentenced he was removed to a place of detention approximately 100 miles from his attorney's office; that he was not permitted the use of a telephone to call his attorney; and that three days after entry of judgment he gave the jailer a letter to his attorney advising that he desired to appeal.

From the verified petition, affidavits and court records, the court finds the following facts:

1. Petitioner was convicted of a violation of the Internal Revenue laws relating to liquor and sentenced in Wilmington, N. C., on May 26, 1966, to three years in prison.

2. Petitioner did not discuss with his attorney before or after sentence his right to appeal, nor the time within which notice of appeal must be filed, or request his attorney to file a notice of appeal.

3. Following the adjournment of court on May 26, 1966, petitioner in company with other prisoners was transported from Wilmington, N. C., to the County Jail at Raleigh, N. C., where he remained from May 26, 1966, to June 6, 1966.

4. No instructions were given the custodian by any state or federal officer that petitioner be held incommunicado, or denied use of the telephone or other means to contact his attorney or any other person, and petitioner did not request nor was he denied the privilege of contacting his attorney or any other person.

5. Petitioner did not deliver a letter to the jailer at Raleigh addressed to his attorney at Shallotte, N. C.

6. During the course of the trip from Wilmington to Raleigh on May 26, 1966, and during the course of the trip from Raleigh to the Federal Penitentiary at Atlanta, Georgia, on June 6, 1966, petitioner conversed freely with a deputy United States Marshal about his conviction but did not mention a desire to appeal or a desire to contact any person relative to an appeal.

█ Although the court is far from impressed with petitioner's veracity, and even though petitioner has a prior criminal record and has served a federal sentence, it does not appear that he has heretofore entered an appeal to a Court of Appeals, or that he had knowledge that federal rules require that notice of appeal generally must be filed within 10 days after entry of judgment. Therefore, the court concludes that petitioner's failure to file written notice of appeal with the Clerk of this court within 10 days after entry of judgment, as prescribed by Rule 37(a) (2), F.R.Crim.P., was due to excusable neglect.

█ At the time of petitioner's sentence on May 26, 1966, and at all times thereafter until July 1, 1966, the requirement of Rule 37(a) that written notice of appeal be filed within 10 days after entry of judgment was mandatory and jurisdictional, and the district court was without power to enlarge the time, United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

However, an amendment to Rule 37(a) became effective on July 1, 1966, permitting the district court, "(u)pon a showing of excusable neglect * * * before or after the time has expired, * * * [to] extend the time for filing the notice of appeal * * * for a period not to exceed 30 days from the expiration of the original time prescribed * * *"

The Court of Appeals for the Fourth Circuit in Evans v. Jones, 366 F.2d 772 (4 Cir. 1966), has given retroactive effect to a similar amendment to Rule 73(a), F.R.Civ.P.

We do not perceive any reason for a distinction in the retroactive application of the comparable rules of civil and criminal procedure.

█ We conclude, therefore, that our finding that petitioner's delay in filing the notice of appeal was excusable neglect validates the late filing since the notice was filed within 30 days from the expiration of the original 10 day period.

It is ordered that the time limit for filing the appeal be and it is hereby extended for a period not to exceed 30 days from the expiration of the original time prescribed by Rule 37(a) (2), F.R. Crim.P.

It is further ordered that Murray Bowman Brown, having filed notice of appeal within the extended time limit, is hereby authorized to appeal said proceeding without prepayment of fees and costs or security therefor.