Michael Leon JOHNSON, Petitioner,

v.

UNITED STATES of America,
Respondent.

Misc. 3236.

United States Court of Appeals
District of Columbia Circuit.

Decided June 19, 1968.

Mr. Michael Leon Johnson filed the petition pro se.

Messrs. David G. Bress, U. S. Atty. and Frank Q. Nebeker, Asst. U. S. Atty., were on the statement pursuant to Rule 41(e) for respondent.

Before BAZELON, Chief Judge, and MC-GOWAN and ROBINSON, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

Petitioner seeks leave to appeal *in forma pauperis* from a conviction of robbery. The judgment of conviction was entered on January 26, 1968, but petitioner's quest for appellate review did not get under way until the following February 23. Then, acting *pro se*, petitioner filed in the District Court an affidavit in support of an application for

leave to proceed on appeal without pre-payment of costs.[1]

Neither in the affidavit nor otherwise did petitioner undertake to explain why his effort came so late. The District Judge, without more, denied the application on the ground that it was untimely.[2] We conclude that the applicable decisional standard, prescribed by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, required a different tack.

An appeal in a federal criminal case is initiated by a notice of appeal filed in the district court.[3] Absent a timely motion in arrest of judgment or for a new trial—and here there was none—Rule 37(a) (2) specifies that the notice of appeal shall be filed within ten days after the entry of judgment. The time limitation is jurisdictional,[4] and until fairly recently the court could not extend it.[5] Obviously, petitioner's cause is lost without an enlargement of the appeal period to the date on which his application was presented.[6]

Rule 37(a) (2) has been altered, however, by an amendment, effective July 1, 1966, in pertinent part reading:

"* * * Upon a showing of excusable neglect, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed to any party for a period not to exceed 30 days from the expiration of the original time prescribed * * *."

This change was made to accommodate "an extension in appropriate cases."[7] A manifest purpose was to safeguard a tardy appeal where the tardiness is not entirely the defendant's fault. Our petitioner, however, proffered nothing to show excusable neglect for the delay in this case.

The District Judge, in denying petitioner's application without further ado, presumably reacted to the traditional concept that one seeking relief must show that he is entitled to it. But the federal criminal appeal must be recognized as a clean break with much of the past. On any nonfrivolous issue the appeal is the defendant's practically for the asking,[8] and by the Criminal Rules it commands a special solicitude. When sentence has been imposed after conviction on a plea of not guilty, the court must "advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for

---

1. Pursuant to 28 U.S.C. § 1915(a).

2. The action of the District Judge is incorporated in an endorsement on petitioner's affidavit reading "Denied—Not timely—Sentenced 1/26/68." There is no indication that any inquiry was made as to whether the tardiness was excusable.

3. F.R.Crim.P. 37(a) (1).

4. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947). But see Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

5. United States v. Robinson, *supra* note 4. But see Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965); Carrell v. United States, 118 U.S.App. D.C. 264, 335 F.2d 686 (1964); Paulding v. United States, 118 U.S.App.D.C. 264, 335 F.2d 686 (1964).

6. Petitioner's affidavit served adequately as a notice of appeal, and if submitted in time conferred the jurisdiction essential to our entertaining the appeal he desires. See Belton v. United States, 104 U.S.App.D.C. 81, 84, 259 F.2d 811, 814 (*en banc* 1958); Shannon v. United States, 93 U.S.App.D.C. 4, 6–7, 206 F.2d 479, 481–482 (1953); Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956 (1952); Boykin v. Huff, 73 App. D.C. 378, 121 F.2d 865 (1941). *Cf.* Kirksey v. United States, 94 U.S.App. D.C. 393, 219 F.2d 499 (1954), cert. denied 358 U.S. 848, 79 S.Ct. 74, 3 L.Ed. 2d 82 (1958).

7. Advisory Committee's Note to F.R.Crim. P. 37(a) (2) ¶ 5.

8. See Coppedge v. United States, 369 U.S. 438, 441–442, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

leave to appeal in forma pauperis."[9] And "[i]f the defendant so requests, the clerk of the court [must] prepare and file forthwith a notice of appeal on behalf of the defendant."[10] These affirmative duties are imposed upon the court although the defendant is normally represented by counsel at the time.[11]

The philosophy underlying these requirements retains full vitality, we think, well beyond the first few moments following the pronouncement of sentence. Our unrepresented petitioner's unpunctuality may or may not have been excusable. The mere fact that he did not advance some cause for the delay is a shaky predicate for judicial action tantmount to a determination that the delay was inexcusable; an equally valid assumption was that he simply was not knowledgeable on the subject. Moreover, as we have frequently held, the endeavors of lay litigants are not to be scrutinized for the precision expected of members of the bar.[12] In sum, the unskilled defendant cannot safely be depended upon to allege excusable neglect even where it is to be found. If the amendment to Rule

37(a) (2) is to have real meaning, and excusable tardiness is not to defeat meritorious appeals, the court must itself delve for the truth of the matter.

■■ We hold that an attempt by a defendant unrepresented by counsel to appeal after expiration of the normal ten-day period may not be dismissed as untimely, where a Rule 37(a) (2) extension would impart timeliness, without an invitation and an opportunity to show that the tardiness is excusable. The character and scope of the opportunity must, of course, depend upon the circumstances, including importantly the petitioner's allegations, and a formal hearing will become necessary if the facts are in dispute. Trial judges will be free to devise procedures reasonably calculated to develop the facts effectively and expeditiously.[13] And it goes without saying that the decision as to whether there was excusable neglect must be approached and made in the spirit of liberality that led to the 1966 amendment.[14]

■ The petition is granted, the order of the District Court is vacated,

---

**9.** F.R.Crim.P. 32(a) (2).

**10.** *Ibid.*

**11.** Unless the right is intelligently and effectively waived, the defendant must be represented by counsel when sentence is imposed. Mempa v. Rhay, 389 U.S. 128, 129, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Daniel v. United States, 107 U.S. App.D.C. 110, 112, 274 F.2d 768, 770 (1960), cert. denied 366 U.S. 970, 81 S.Ct. 1935, 6 L.Ed.2d 1260 (1961); Gadsden v. United States, 96 U.S.App. D.C. 162, 165, 223 F.2d 627, 630 (1955); McKinney v. United States, 93 U.S.App. D.C. 222, 225, 208 F.2d 844, 847 (1953). And see 18 U.S.C. § 3006A(c); F.R. Crim.P. 44(a).

**12.** See, *e. g.,* Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 186 n. 5, 295 F.2d 171, 173 n. 5 (1961); Smith v. United States, 106 U.S.App.D.C. 169, 170, 270 F.2d 921, 922 (*en banc* 1959). See also United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Darr v. Burford, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Roberts v. Pegelow, 313 F.2d 548, 550 (4th Cir. 1963).

**13.** By our estimate, the incidental burden on the District Court, on the infrequent occasion when situations of this type arise, should not be undue. Our own experience with appeals *in forma pauperis* indicates convincingly that it will not be. Our rules require an application for leave to appeal *in forma pauperis* to be presented within 30 days after denial of a similar request in the District Court. D.C.Cir.R. 41(b). When an untimely application is received, it is the practice of the clerk of this court to hold the application in abeyance pending clarification of the reason for the tardiness. The clerk writes a letter to the petitioner, noting the relevant dates and informing him that if he desires permission to file late, he must explain why he did not submit his application on time.

**14.** Compare United States v. Brown, 263 F.Supp. 777 (E.D.N.C.1966) with Buckley v. United States, 382 F.2d 611 (10th Cir. 1967). See generally 8 Moore, Federal Practice ¶¶ 37.02, 37.05 (Cipes ed. 1967).

and the case is remanded for a determination as to excusable neglect for petitioner's failure to initiate an appeal within ten days after the entry of the judgment of his conviction, and for such further action as that determination may warrant.

So ordered.