Joseph **DAVIS**, Petitioner,

v.

Ramsey E. **CLARK**, Respondent.

Misc. No. 3316.

United States Court of Appeals
District of Columbia Circuit.

Filed Sept. 19, 1968.

Before BAZELON, Chief Judge, and TAMM and DANAHER, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

On consideration of petitioner's petition for leave to prosecute his appeal in this case without prepayment of costs and for appointment of counsel and it appearing that a statement of reasons given by the District Court for its action is not appended to the petition and the Clerk having been informed by the Clerk of the District Court that the District Court Judge did not certify, pursuant to the provision of Rule 24 of the Federal Rules of Appellate Procedure, that the appeal is not taken in good faith nor that the petitioner is otherwise not entitled to proceed in forma pauperis and accordingly there being no statement in writing as to the reasons for such certification and finding, it is

Ordered by the Court that further consideration of petitioner's aforesaid petition shall be held in abeyance and the Clerk of this Court is directed to transmit a certified copy of this order to the District Court to permit the District Court to comply with the provisions of Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the District Court is hereby directed to transmit to the Clerk of this Court a certified copy of the written statement of the District Court with respect to the reasons for his certification or finding that petitioner is not entitled to proceed in forma pauperis, promptly upon the completion thereof by the District Court Judge. The Clerk of the District Court is further directed to distribute copies of this order and opinion to all District Court Judges.

Statement of Circuit Judge TAMM:

Caught between rising case loads and critical courts of appeals the life of a federal district judge is not an easy one. Now a new problem is added by the partially misnomered Federal Rules of Appellate Procedure, which went into effect July 1, 1968. For hidden in these *Appellate* rules are provisions which are addressed to district judges. Such a provision is rule 24 which provides:

> a party who has been permitted to proceed in an action in the district court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.

In this case petitioner was allowed to file a declaratory judgment action in forma pauperis in the district court. The action was dismissed on a motion for summary judgment by the government on July 15, 1968. Thus under Fed.R. App.P. 24, unless Judge Sirica certified to the contrary with a statement of reasons, petitioner was entitled to proceed on appeal in forma pauperis without seeking further leave of court by timely filing a notice of appeal in the district court without payment of fee. Judge Sirica entered an order denying leave to appeal in forma pauperis but no reasons were given as the rule requires. Petitioner thereupon asked this court for permission to appeal in forma pauperis. We hold the motion in abeyance and direct Judge Sirica to enter a statement of reasons in compliance with Fed.R.App.P. 24, a copy of which is to be transmitted to this court.

The statement of reasons should be more than a simple conclusion. If the

denial of leave to appeal is because appellant cannot be deemed in good faith because his claim is frivolous, the statement of reasons should explain why the claim is frivolous. If the finding rests on considerations of fact, appropriate record citations might be given. If it rests on a matter of law, the general reasoning and relevant cases should be indicated. Such a requirement is not onerous if the matter was dealt with in a conscientious manner in passing on the merits. See generally Tatem v. United States, 107 U.S.App.D.C. 230, 232, 275 F.2d 894, 896 (1960).

Circuit Judge DANAHER did not participate in the foregoing order and opinion.