**UNITED STATES of America**

v.

**Whitt SNOW, Appellant.**

**No. 72–1021.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 20, 1972.

Decided April 25, 1973.

Judgment June 7, 1973.

Jack Lipson, Washington, D. C. (appointed by this Court), for appellant.

Guy H. Cunningham, Asst. U. S. Atty., for appellee. Harold H. Titus, Jr., U. S. Atty., John A. Terry, Brian W. Shaughnessy and Garey G. Stark, Washington, D. C., were on the brief for appellee.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

BAZELON, Chief Judge:

■ Whitt Snow was found guilty of escaping from a Department of Corrections halfway house on 13th Street, N. W.[1] Snow waived his right to a jury trial and was tried before a judge alone. In such circumstances, Rule 23 of the Federal Rules of Criminal Procedure requires the court to enter findings of fact to support its verdict.[2] No findings were entered in this case. Although the trial judge directed the prosecutor to prepare the findings for the court's approval, the prosecutor apparently never did so.

■ This error frustrates our review of the case. Snow's main argument on appeal is that the prosecution failed to prove that he acted with criminal intent—an essential element of the criminal charge. Referring to our opinion in Castle v. United States, 120 U.S. App.D.C. 398, 400, 347 F.2d 492, 494 (1965), Snow maintains that his escape was "an act committed under compulsion, such as apprehension of serious and immediate bodily harm . . . ."[3] We said in Castle that such an act is "involuntary, and, therefore, not criminal." A determination as to whether Snow's escape falls into that category necessarily involves issues of fact. On the present record, however, we have no indication of the trial court's findings on the factual questions. We

---

1. The charge was brought under 18 U.S.C. § 751(a).

2. The rule requires findings of fact "on request". In this case, where the trial judge recognized the need for findings and directed that they be prepared, it was unnecessary for counsel to make a request.

3. The record indicates that Snow had been accused by other inmates in the halfway house of stealing clothing from a room in the house. Snow's testimony, which was partially corroborated by another witness, described an atmosphere of hostility, threats, and fighting during the weekend when Snow escaped.

cannot tell whether the judge failed to consider Snow's defense, whether he did not recognize compulsion to be a defense to the criminal charge, or whether he decided that the facts do not support a finding of compulsion. Since there are colorable questions on factual issues in this case, the case must be remanded for the entry of findings of fact dealing with all elements of the offense charged.

Judge Tamm's suggestion that a remand here is a "waste of judicial time" is a serious concern in an era when the District Court's caseload is heavy. The proper way to save time in this case, however, would have been to enter the required findings within a reasonable period after the original trial. In a decision requiring a somewhat similar statement from trial judges, it was recognized that "[s]uch a [statement] is not onerous if the matter was dealt with in a conscientious manner in passing on the merits." [4]

The requirement that a trial judge prepare findings which will cast light on his reasoning is not a trivial matter. It is an important element of fairness to the accused. As a distinguished trial judge has observed, "The existence of a rationale may not make the hurt pleasant, or even just. But the absence, or refusal, of reasons is a hallmark of injustice." [5] Moreover, the trial court's statement is an important element of judicial administration, because ". . . an appellate court must be able to ascertain the grounds for [a lower court's decision] in order to fulfill its responsibility of review." [6]

For these reasons, we remand the case for the entry of findings, as set forth above.

So ordered.

LEVENTHAL, Circuit Judge, concurring in the result.

As matters stand, I can't tell whether the district judge found that there was not apprehension of such bodily harm as permits application of the compulsion defense, or whether he thought that mere apprehension of bodily harm cannot be a legal defense to a charge of escape, or whether he had still another reason for his judgment. The pertinent rule (Rule 23) provides that where required the district judge shall provide pertinent findings before the appellate judges consider whether there has been prejudicial error.

TAMM, Circuit Judge, dissenting:

I would affirm the action of the district court in this case. It is my view that a remand to the district court for the entry of findings of fact is a waste of judicial time on the part of both this court and the district court. The record before us is sufficient by my standards to justify affirmation of the appellant's conviction and does not justify a further waste of judicial time in pursuit of a legal trivia.

## JUDGMENT

PER CURIAM.

■ On April 25, 1973 an order was entered remanding the record to the District Court for further proceedings consistent with the opinion filed herein on the same date. The record has been returned supplemented by the remand proceedings. On consideration of the foregoing, it is

Ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause is hereby affirmed.

The duty of counsel is fully discharged without filing a suggestion for rehearing *en banc* unless the case meets the rigid standards of Federal Rule of Appellate Procedure 35(a).

4. Davis v. Clark, 131 U.S.App.D.C. 379, 381, 404 F.2d 1356, 1358 (1968) (Statement of Circuit Judge Tamm).

5. M. E. Frankel, Criminal Sentences, at —— (to be published in April, 1973).

6. Tatem v. United States, 107 U.S.App. D.C. 230, 232, 275 F.2d 894, 896 (1960).