Carl H. ALLEY, Petitioner,

v.

DODGE HOTEL, Respondent.

No. 74–8016.

United States Court of Appeals,
District of Columbia Circuit.

July 23, 1974.

Carl H. Alley, pro se, was on the motion for petitioner.

Before FAHY, Senior Circuit Judge, and ROBINSON, Circuit Judge.

PER CURIAM:

This case is before us on a *pro se* motion under Fed.R.App.P. 24(a) for leave to appeal *in forma pauperis* the dismissal of an action brought by the movant, Carl H. Alley, against the Dodge Hotel and its management company, Norman Bernstein Management, Inc. (Bernstein Management). Alley filed a similar motion in the District Court,[1] which was denied on the grounds that the appeal was frivolous and that the motion was untimely.

We find that the appeal raises nonfrivolous issues, and we remand the record to the District Court to enable reconsideration of the timeliness of the motion in light of the principles set forth in this opinion.

I

On August 16, 1972, Alley filed a complaint *pro se* against the Dodge Hotel and Bernstein Management seeking damages for injuries he allegedly sustained when, on two different occasions, a man entered his room in the hotel and assaulted him. The complaint averred frequent attempts by Alley to obtain compensation for these injuries from the management company, numerous assurances made by the company and its insurers that payment was forthcoming, and their ultimate failure to fulfill those promises.

■ On motion by Bernstein Management, the District Court dismissed the action as to it on October 5, 1972.[2] Bernstein Management had contended that the complaint failed to state a claim for which relief could be granted, and that the action was barred by the statute of limitations because, according to its records, the assaults occurred in 1967, not "approximately three years" prior to the date of the complaint as Alley had alleged.[3]

---

1. This initial request to the District Court for leave to appeal *in forma pauperis* is required by Fed.R.App.P. 24(a), which reads in part:

A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit showing . . . his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. . . . If the motion is denied, the district court shall state in writing the reasons for the denial. . . .

If a motion for leave to proceed on appeal in forma pauperis is denied by the district court . . . the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. . . .

2. The complete text of the order reads:

Upon consideration of the Motion to Dismiss filed herein the 21st day of September, 1972, by Norman Bernstein Management, Inc., defendant, and the opposition thereto filed herein the 29th day of September, 1972, by Carl H. Alley, plaintiff, it is this 5th day of October, 1972,

ORDERED that the Motion of Norman Bernstein Management, Inc. to Dismiss be and hereby is granted and this cause is dismissed as to the defendant, Norman Bernstein Management, Inc.

3. Reproduced in full, the text of the motion to dismiss states:

Comes now the defendant Norman Bernstein Management, Inc. and moves the Court to dismiss the action because it fails to state a claim upon which relief may be granted. In support thereof it refers the Court to the Points and Authorities attached hereto and prayed to be read as a part hereof.

An appeal brought by Alley from the October 5 order was dismissed for lack of jurisdiction. This court concluded that the District Court's dismissal of the action only as to one of the defendants was not a final order under 28 U.S.C. § 1291, and therefore was not appealable in the absence of an order by the District Court directing the entry of a final judgment as to Bernstein Management in accordance with Fed.R.Civ.P. 54(b).[4] Alley v. Dodge Hotel, No. 72–2093 (D. C.Cir., Mar. 20, 1973).

Three days later, Alley filed in the District Court the first of a series of motions, which may reasonably be construed as a motion for a default judgment[5] against the Dodge Hotel for its failure to answer the complaint.

This motion was denied by the District Court without any statement of reasons on April 16, 1973. A second motion, again complaining of the hotel's refusal to respond, was similarly denied without accompanying reasons. Thereafter Alley filed two motions to "advise the court" in which he protested the court's asserted failure to permit his claim to be litigated, and charged various judges of this court and the District Court with unethical behavior. On the basis of these motions, the District Court, on November 20, 1973, dismissed the action "as frivolous and defamatory."[6] The court subsequently denied leave to appeal the dismissal in forma pauperis, concluding that the appeal was untimely and frivolous.[7]

The "Points and Authorities" are, in toto, as follows:

Rule 12, Federal Rules of Civil Procedure.

District of Columbia Code, Title 12–201 [sic—12–301].

It is clear from reading the so called "Bill of Complaint" that plaintiff has failed to state a claim upon which relief may be granted. Additionally, although plaintiff says that the incident complaint [sic] of happened approximately three years before filing the action, this defendant's records indicate that the incident involving the plaintiff actually occurred back in 1967. This case would therefore be barred by the statute of limitations.

As an action seeking recovery for personal injury, the period for bringing the action under D.C.Code § 12–301(8) would be three years from the time the right to maintain the action accrued. Marusa v. District of Columbia, 157 U.S.App.D.C. 348, 353, 484 F.2d 828, 833 (1973).

4. Fed.R.Civ.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

5. The motion, which plaintiff styled as a "Motion of Forfeiture against the Dodge Hotel," noted the hotel's failure to answer the complaint and asked the court to serve the hotel with a "summons of forfeiture."

6. The order was inscribed by a district judge on the complaint and reads: "11/20/73 Dismissed as frivolous and defamatory, re motions filed May 30, 1973, and Oct. 17, 1973." The motions cited were those styled "Motions to Advise the Court." No further reasons were given.

7. The order did not explicate the conclusion of frivolity, despite this court's decision in Davis v. Clark, 131 U.S.App.D.C. 379, 404 F.2d 1356 (1968). In a separate opinion, Judge Tamm clarified the district judge's task under Fed.R.App.P. 24(a), supra note 1:

The statement of reasons should be more than a simple conclusion. If the denial of leave to appeal is because appellant cannot be deemed in good faith because his claim is frivolous, the statement of reasons should explain why the claim is frivolous. If the finding rests on considerations of fact, appropriate record citations might be given. If it rests on a matter of law, the general reasoning and relevant cases should be indicated. Such a requirement is not onerous if the matter was dealt with in a conscientious manner in passing

## II

Any approach to problems presented in Alley's lawsuit must yield consideration to the fact that he is a *pro se* litigant untrained in the law. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Johnson v. United States, 132 U.S.App.D.C. 4, 405 F.2d 1072 (1968); Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963). The Supreme Court has declared that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers, . . ." Haines v. Kerner, *supra*, 404 U.S. at 520, 92 S.Ct. at 596, and, moreover, that no litigant's complaint may be dismissed under Fed. R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Neither the motion to dismiss filed by Bernstein Management nor the District Court's order of October 5, 1972, granting the motion articulated why it was thought that Alley had failed to state an actionable claim.[8] If the complaint did not allege sufficient facts which would support such a claim, it is conceivable that the deficiency could have been rectified by amendment.[9] And dismissal on the ground that the statute of limitations had run would have been improper if the date of the assaults was a fact genuinely disputed by the parties.[10] When this court concluded that it was without jurisdiction to entertain an appeal from the dismissal of only one defendant, Al-

ley's understandable, and indeed justifiable, response was an attempt to obtain judgment in his favor by default, since the hotel had never responded to his complaint. His effort was met with an unexplained denial by fiat and, apparently out of frustration, Alley then filed the caustic motions leading to the dismissal of his action on November 20, 1973.

■ Alley's complaint may prove spurious and, even if amended, it may not state an actionable claim, but those possibilities are matters not now before us. What is pertinent to the instant motion is that the order of dismissal of Berstein Management and the subsequent orders leading to ultimate dismissal of the action raise nonfrivolous issues. The further question with which we are faced is whether jurisdiction over the appeal is precluded by the timing of Alley's motion for leave to appeal *in forma pauperis*, and it is to an analysis of that issue that we now turn.

## III

■ The jurisdiction of this court to review orders of the District Court in civil cases is defined in part by Fed.R. App.P. 4(a), which provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from. . . ." While a motion for leave to appeal *in forma pauperis* may serve as a notice of appeal, Johnson v. United States, *supra*, 132 U.SApp.D.C. at 5 n. 6, 405 F.2d at 1073 n. 6, its filing is

---

on the merits. See generally Tatem v. United States, 107 U.S.App.D.C. 230, 232, 275 F.2d 894, 896 (1960).
131 U.S.App.D.C. at 380–381, 404 F.2d at 1357–1358.

8. See notes 2–3, *supra*.

9. With additional facts, Alley may have been able to establish an action for negligence under the theory of liability announced by this court in Kline v. 1500 Massachusetts Avenue Apt. Corp., 141 U.S.App.D.C. 370, 439 F.2d 477 (1970) (landlord liable for injuries sustained by tenant from a criminal assault in the common hallways of the building where

landlord had notice that tenants were being assaulted and their apartments were being vandalized).

10. Since the District Court chose to dispose of the action as to Bernstein Management by granting the motion to dismiss, it had to accept as true Alley's allegation of the time of the assaults rather than a defendant's assertion. Marusa v. District of Columbia, *supra* note 3, 157 U.S.App.D.C. at 350, 484 F. 2d at 830. Hence, under Alley's version of the facts, it would not appear that the action was barred by the statute of limitations. See note 3, *supra*.

subject to the same time restrictions applicable to a paid appeal. *Id.* Despite the initial deadline of 30 days, Rule 4(a) expressly authorizes the district court to extend the time for filing for a period not to exceed 30 days from the expiration of the initial period "[u]pon a showing of excusable neglect."

■ Since timeliness in noticing appeals is "mandatory and jurisdictional," [11] compliance with applicable requirements "is of the utmost importance." [12] Certainly a scrupulous satisfaction of the formal specifications of rules governing appeals is good practice and good sense; indeed, some courts have demanded strict performance by would-be appellants.[13] But it is clear beyond cavil that Appellate Rules 3 and 4 tolerate a common sense approach to timely filing, and do not insist upon "literal compliance in cases in which it cannot fairly be exacted. . . . " [14] We

think a filing requirement is met by a positive, substantial and unequivocal effort to discharge it, and that innocuous irregularities incidental to such an endeavor should be disregarded when considerations of fairness dictate that course.[15] We agree with the Fifth Circuit that "it would . . . be a harking back to the formalistic rigorism of an earlier and outmoded time, as well as a travesty upon justice, to hold that the extremely simple procedure required by the [rules] [16] is itself a kind of Mumbo Jumbo, and that the failure to comply formalistically with [them] defeats substantial rights." [17]

With these considerations in mind, we analyze Alley's efforts to perfect his appeal. The order dismissing this action was entered on November 20, 1973. Hence the initial 30-day period for noticing an appeal closed on December 20. The period during which Alley could

11. United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

12. Advisory Committee Note to Fed.R.App.P. 3.

13. See, *e. g.*, Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 159 F.2d 163, 165–166 (2d Cir. 1946) (service of notice of appeal on party sought to be made the appellee does not constitute filing). There are, too, cases rejecting oral notices of appeal made in open court by the intended appellant or in his presence, though they appear in the transcript of the proceedings. *E. g.*, United States v. Isabella, 251 F.2d 223, 226 (2d Cir. 1958) ; United States v. Temple, 372 F.2d 795, 799 (4th Cir. 1966), cert. denied, 386 U.S. 961, 87 S.Ct. 1024, 18 L.Ed.2d 110 (1967) ; Smith v. United States, 425 F.2d 173, 174–175 (9th Cir. 1970).

14. Advisory Committee Note to Fed.R.App.P. 3.

15. Jordan v. United States Dist. Court, 98 U.S.App.D.C. 160, 162–163, 233 F.2d 362, 364–365, vacated on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956) (petition for mandamus in court of appeals) ; Pasquale v. Finch, 418 F.2d 627, 629 (1st Cir. 1969) (application for extension of time to file notice of appeal) ; Richey v. Wilkens, 335 F.2d 1, 4–5 (2d Cir. 1964) (notice of appeal in court of appeals rather than district court) ; Frace v. Russell, 341 F.2d 901, 902 (3d Cir.), cert. denied, 382 U.S. 863,

86 S.Ct. 127, 15 L.Ed.2d 101 (1965) ("brief for appeal" in court of appeals) ; Holley v. Capps, 468 F.2d 1366, 1367–1368 (5th Cir. 1972) (motion for certificate of probable cause in habeas corpus proceeding) ; Riffle v. United States, 299 F.2d 802 (5th Cir. 1962) (letter to judge of court of appeals) ; Carter v. Campbell, 285 F.2d 68, 71–72 (5th Cir. 1960) (application to court of appeals for leave to proceed on original record, and grant of such leave) ; O'Neal v. United States, 272 F.2d 412, 413 (5th Cir. 1959) (appeal bond) ; Davis v. Department of Corrections, 446 F.2d 644, 645 (9th Cir. 1971) (motion for certificate of probable cause). See also Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 582–583, 61 S.Ct. 331, 85 L.Ed. 364 (1941), and note 17, *infra*.

16. The court's reference here is to former Fed.R.Civ.P. 73(a), now incorporated without change of substance in Fed.R.App.P. 4(a). See Advisory Committee Note to Fed.R.App.P. 4(a).

17. Crump v. Hill, 104 F.2d 36, 38 (5th Cir. 1939). In this case, no notice of appeal was actually filed, but within the appeal period the appellant did procure and file with the clerk the appellee's written acknowledgement of service of a notice of appeal and of a designation of record, and her entry of appearance to an appeal. It was held that this was a sufficient compliance with Fed. R.Civ.P. 73.

have sought an extension of time showing excusable neglect expired on January 21.[18] The notice of appeal and Alley's affidavit of poverty bear the stamped date January 22, 1974, as the date of filing in the District Court. Thus the stamped date was not only beyond the initial 30-day period, but was also one day in excess of the additional period of 30 days.

■ Although the date of filing appears officially as January 22, Alley dated his notice of appeal January 21. The same date was also inscribed by a deputy clerk of the District Court on the affidavit of poverty as the date on which the affidavit was sworn to and subscribed before her.[19] As we have said, the appeal period was extendable to January 21, although not to January 22. The record does not disclose when the two documents were actually received by the District Court for filing, or otherwise explain the discrepancy between the two dates. Surely we cannot confidently conclude on the basis of the present record that the delay of one day in filing was attributable to Alley. See Fallen v. United States, 378 U.S. 139, 143, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). In these circumstances, we adopt an approach similar to that employed by the Fifth Circuit in Weaver v. Texas, 469 F.2d 1314 (5th Cir. 1972), and remand the record to the District Court for an inquiry into the reasons for this discrepancy. Unless the evidence shows that the one-day delay was caused by Alley, then it should correct its records to indicate that the two documents were received for filing and ·

should have been filed on January 21, 1974.[20]

Even if the District Court concludes that the one-day delay in·filing was the clerk's responsibility, the question would still remain whether Alley's appeal must fail because he did not seek an extension of time until that date. Alley offered no explanation to the District Court for his tardiness, but had the District Court explored with him any possible justification for the delay, he may have been able to demonstrate that the lack of punctuality was not entirely his fault. The District Court made no effort to aid this *pro se* litigant, but simply denied the motion by fiat.

In Johnson v. United States, *supra*, we were confronted with a similar problem in connection with a *pro se* motion for leave to appeal *in forma pauperis* from a criminal conviction. There the motion was filed after the expiration of the 10-day period applicable to criminal appeals [21] without an accompanying explanation for the delay. We noted:

> Our unrepresented petitioner's unpunctuality may or may not have been excusable. The mere fact that he did not advance some cause for the delay is a shaky predicate for judicial action tantamount to a determination that the delay was inexcusable; an equally valid assumption was that he simply was not knowledgeable on the subject. Moreover, as we have frequently held, the endeavors of lay litigants are not to be scrutinized for the precision expected of members of the bar. In sum, the unskilled defendant cannot safely be depended upon to allege ex-

18. The 30th day fell on Saturday, January 19. However, under the time computation rule contained in Fed.R.App.P. 26(a), the "last day of the period shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, Sunday or a legal holiday," which, in this case, was Monday January 21.

19. 28 U.S.C. § 953 (1970) provides the authority to the clerk of the court and his deputies to administer the oath necessary for the affidavit of poverty.

20. See King v. United States, 410 F.2d 1127 (9th Cir. 1969) (*pro se* notice of appeal from a criminal conviction was timely, even though not officially filed until after the expiration of the 10-day period, where it was signed by the appellant and by the district court within the prescribed period).

21. Fed.R.Crim.P. 37(a)(2), which has been replaced without substantive change by Fed. R.App.P. 4(b). See Advisory Committee Notes to Fed.R.App.P. 4(b).

cusable neglect even where it is to be found. If the amendment to Rule 37(a)(2) is to have real meaning, and excusable tardiness is not to defeat meritorious appeals the court must itself delve for the truth of the matter.[22]

Accordingly, we held that a motion for leave to appeal *in forma pauperis* "may not be dismissed as untimely . . . without an invitation and an opportunity to show that the tardiness is excusable," and that "a formal hearing will become necessary if the facts are in dispute." 132 U.S.App.D.C. at 6, 405 F.2d at 1074.[23]

■ In view of the hospitable approach which generally must be taken with respect to *pro se* litigants, we perceive no reason why the same considerations do not surround civil appeals.[24] Accordingly, we hold that in all cases where a civil litigant unaided by counsel files a motion for leave to appeal *in forma pauperis beyond* the initial deadline, but within the period of extension permitted by Rule 4, the District Court may not deny the appeal as untimely without first inquiring of the litigant whether the delay is due to excusable neglect. If that inquiry raises disputed factual allegations, a formal hearing will be necessary to resolve those disputes.

■ We remand the record in the case at bar for that inquiry.[25] We note that if the District Court finds the tardiness excusable, it is not precluded from granting Alley an extension of time *nunc pro tunc* to January 21, 1974—if that is the date it determines the notice of appeal was actually received for filing—even though the order necessarily would be entered long after that date.[26] We also note that the District Court's responsibility on this remand extends to the appointment of counsel, if deemed necessary, to assist Alley in substantiating his allegations, if any, of excusable neglect.

So ordered.

22. 132 U.S.App.D.C. at 6, 405 F.2d at 1074 (footnote omitted).

23. See also Bryant v. Elliott, 467 F.2d 1109 (5th Cir. 1972) (in an appeal from the denial of a habeas corpus petition, where the notice of appeal was filed beyond the initial 30-day period, the court remanded the case to permit the *pro se* appellant to move for an extension of time on a showing of excusable neglect).

24. This conclusion is buttressed by the decision in Reed v. Michigan, 398 F.2d 800 (6th Cir. 1968), where an appeal by the state from a successful habeas corpus petition was remanded to the district court for a determination as to whether the lateness in filing was excusable, even though the appellant, who had neglected to allege an excuse for the delay and move for an extension of time, was a governmental entity represented by counsel. See also Evans v. Jones, 366 F.2d 772 (4th Cir. 1966).

25. This inquiry, of course, is contingent upon the District Court's finding that the failure to file the motion in that court by January 21 was not attributable to Alley. See p. 885 *supra*.

26. Conway v. Pennsylvania Greyhound Lines, Inc., 100 U.S.App.D.C. 95, 243 F.2d 39 (1957); Pasquale v. Finch, *supra* note 15; C-Thru Products, Inc. v. Uniflex, Inc., 397 F.2d 952 (2d Cir. 1968); Reed v. Michigan, *supra* note 24. But see 9 J. Moore, Federal Practice ¶ 204.13 [2] at 974–78 (2d ed. 1948). As the Second Circuit has observed:

The time limitation is intended to set a period on which the parties may rely for required action by a litigant, not to dragoon a busy trial court into hasty and ill-considered action by the risk of destruction of appellate rights if the court does not meet the fixed deadline.

C-Thru Products, Inc. v. Uniflex, Inc., *supra*, 397 F.2d at 955.