**The GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Monty Maurice McCLELLAND, Defendant-Appellant.**

**No. 74–3598.**

United States Court of Appeals, Fifth Circuit.

Dec. 26, 1974.

Monty Maurice McClelland, pro se.

Lester Engler, U. S. Atty., Thomas E. Haney, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant moves for appointment of counsel to represent him on appeal. Appellee moves to dismiss the appeal as not timely filed. The district judge entered judgment and sentence on August 20, 1974. On September 17, 1974, appellant, although still nominally represented by retained counsel, entered a *pro se* notice of appeal, which was filed by the clerk on September 19, 1974. This document requests, admittedly in somewhat obscure language, that the district judge extend the time for filing a notice of

appeal pursuant to Fed.R.App.P. 4(b) because of appellant's "excusable neglect." Since Rule 4(b) allows the district court, "[u]pon a showing of excusable neglect," to extend the time for filing a notice of appeal for a period not to exceed thirty days following the expiration of the original ten day period, appellant's request fell well within the total forty day period in which a notice of appeal may, in proper circumstances, be timely filed.

Although the district judge granted appellant's concurrent motion to proceed in forma pauperis, the record contains nothing to indicate that appellant's plea of "excusable neglect" was ever ruled upon. During the hearing on the in forma pauperis motion the presiding judge expressed the view that all matters pertaining to the timeliness of the appeal should be addressed to this Court. (Supp.Trans. at 4–5). Thus, the record affirmatively reveals that the district judge failed to exercise his discretion, properly invoked by appellant, to determine the permissibility of a late notice of appeal.[1] In these circumstances we believe that the proper course is to postpone ruling on appellee's motion to dismiss the appeal and to remand the case so that the district court may decide whether appellant's failure to file a notice of appeal within the prescribed ten day period was due to excusable neglect. *Cf.* Cramer v. Wise, 5 Cir. 1974, 494 F.2d 1185; Tuley v. Heyd, 5 Cir. 1974, 492 F.2d 788, and cases cited therein. *See also* Alley v. Dodge Hotel, D.C.Cir. 1974, 501 F.2d 880; Johnson v. United States, 1968, 132 U.S.App.D.C. 4, 405 F.2d 1072. In the meantime, we will retain jurisdiction.

Although appellant is in no way prevented from renewing the motion should it later become necessary, our disposition of the case renders moot his present motion for appointment of counsel on appeal. The district court, however, may consider appointing counsel to assist McClelland in substantiating his allegations of excusable neglect.

Remanded.

---

[1]. *Cf.* United States v. Mills, 8 Cir. 1970, 430 F.2d 526, 528, where the Court concluded that the district court's acceptance without comment of appellant's notice of appeal, more than ten days following entry of judgment, had the effect of granting an extension of time to file.