Claude E. SAUNDERS,
Plaintiff-Appellant,

v.

CABINET MAKERS AND MILLMEN,
LOCAL 721, et al.,
Defendants-Appellees.

No. 75–2869.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1977.

Rehearing Denied March 9, 1977.

Claude E. Saunders, in pro per.

Howard Z. Rosen, of Geffner & Satzman, Inc., Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS and WALLACE, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Plaintiff filed a *pro se* complaint against the defendant Union on May 3, 1974, alleging that while he was employed at Northrup Architectural Systems the Union purposely excluded him from membership because of his race, in violation of 42 U.S.C. § 2000e–2(c)(1). Both sides filed motions for summary judgment, and on December 12, 1974, judgment was entered granting defendant Union's motions, denying plaintiff's motion, and dismissing his complaint. Plaintiff allegedly did not personally learn of the district court's disposition until he ran across the order on January 3, 1975. On January 9, 1975, plaintiff filed what he labeled a "motion for rehearing" in the district court, which treated the motion as one to alter or amend the judgment under Fed.R.Civ.P. 59(e) and denied it on June 26, 1975. On July 25, 1975, plaintiff filed a notice of appeal from the district court's denial of his 59(e) motion and apparently from the underlying December 12, 1974, judgment dismissing his complaint as well.

Under Federal Rule of Appellate Procedure 4(a), notice of appeal must be filed in the district court within 30 days of the date of entry of the judgment appealed from. The running of this 30-day period is terminated by a timely motion filed in the district court pursuant to Federal Rule of Civil Procedure 59(e), but such motion must be timely made. 9 *Moore's Federal Practice*, ¶ 204.12[1]–[2], at 949–60 (1975). A motion to alter or amend the judgment must be filed within 10 days after entry of judgment under Fed.R.Civ.P. 59(e). If this is properly done, then the running of the 30-day period for filing notice of appeal under FRAP 4(a) is tolled until entry of an order by the district court disposing of the Rule 59(e) motion, at which time the full period begins to run anew.

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

In this case, plaintiff failed to file his notice of appeal within 30 days of the entry of the district court's judgment as required by FRAP 4(a). The running of this 30-day period was not tolled by the plaintiff's filing of his "motion for rehearing" under Fed.R.Civ.P. 59(e), since that motion was not filed with 10 days of the district court's December 12, 1974, judgment. *See Nealon v. Hill*, 149 F.2d 883 (9th Cir. 1945). Plaintiff's filing of his notice of appeal on July 25, 1975, was clearly untimely, and consequently this court lacks jurisdiction over his appeal. *Alexander v. Sacha*, 439 F.2d 742 (9th Cir. 1971). We find no extraordinary circumstances here dictating against strict adherence to these basic procedural rules. *Cf. Alley v. Dodge Hotel*, 163 U.S.App.D.C. 320, 501 F.2d 880 (1974). Accordingly, the appeal is dismissed.