**UNITED STATES of America**

v.

**Charles Eugene EDWARDS.**

**No. P81–5–CR.**

United States District Court,
E.D. Texas,
Paris Division.

Oct. 6, 1982.

John H. Hannah, Jr., U.S. Atty., Christian Harrison, Asst. U.S. Atty., Tyler, Tex., for plaintiff.

Leighton Cornett, Paris, Tex., Lawrence B. Mitchell, Dallas, Tex., for defendant.

## ORDER EXTENDING THE TIME FOR FILING NOTICE OF APPEAL

JUSTICE, Chief Judge.

On November 20, 1981, the defendant, Charles Eugene Edwards, was convicted by a jury of having committed extortion, fraud, and conspiracy while serving in the elective office of County Commissioner, Fannin County, Texas, in violation of 18 U.S.C. §§ 1951, 1341, and 371. On January 15, 1981, this court entered a judgment sentencing Edwards to seven years' imprisonment.

Before the court is the defendant's motion, filed February 4, 1982, to extend the time for filing notice of appeal. On February 24, 1982, thirty-nine days after judgment, defendant filed his notice of appeal.

■  Rule 4(b) of the Federal Rules of Appellate Procedure provides that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within ten days after the entry of the judgment or order appealed from." However, that Rule also provides that, "[u]pon a showing of excusable neglect the district court may, before or after the time has expired, . . . extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." F.R.A.P. 4(b). On September 23, 1982, a hearing was held to determine whether or not the defendant could make a showing of "excusable neglect" sufficient to warrant extension of the deadline for filing an appeal. Since the notice of appeal was filed within forty days (ten plus thirty) after entry of judgment, such notice is timely if excusable neglect is demonstrated. *United States v. Ford,* 627 F.2d 807 (7th Cir.1980), *cert. denied* 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980); *United States v. Hoye,* 548 F.2d 1271 (6th Cir.1977).

At the hearing, the defendant testified that he had always intended to file an appeal if he was convicted, but that he had intended to retain a different attorney for the appeal from the one he had retained at trial. In preparation for the appeal, the defendant ordered the appropriate copies of the record from the court reporter within a week after sentencing.

Edwards also claimed that immediately after sentencing he told his trial attorney, Leighton Cornett, Esquire, that he wanted

to appeal and asked him about the deadline for filing an appeal, but that Cornett "didn't answer." Edwards had no further conversations with Cornett and retained his current attorney on January 29, 1982, four days after the ten-day period for filing notice of appeal had already elapsed.

The defendant had had no prior experience with the criminal justice system, had had no legal education, and had had relatively little formal education of any kind.

In rebuttal, the Government called Cornett to the stand. He testified that he had informed the defendant of his right to appeal on numerous occasions prior to trial. After Edwards's conviction, but prior to sentencing, Cornett had sent Edwards a letter advising Edwards to contact him to discuss an appeal, but Cornett said the defendant had never done so. The Government also introduced into evidence the letter itself, dated December 4, 1981, in which Cornett did indeed advise the defendant to "come by the office sometime next Tuesday morning so that we can discuss an appeal in your matter." (The defendant, on cross-examination, admitted that he had "probably" received the letter. In any event, it was clear that he had, since the defendant had complied with other portions of the letter advising him to have his friends write letters of recommendation on his behalf in anticipation of sentencing.) Cornett said that he had interpreted the defendant's inaction in response to his invitation to discuss the appeal as an indication that the defendant would accept his sentence. Cornett also testified that he had had no conversation with the defendant about an appeal immediately after sentencing. The evidence revealed that Cornett had been practicing law for forty years and has had extensive experience in the criminal law, both as a defense attorney and as a state and federal prosecutor. The court judicially noticed that Cornett is one of the most competent practitioners of criminal law in the Eastern District of Texas, and that his defense of the defendant Edwards at trial was skillful and exemplary.

## Findings of Fact

On the basis of the evidence and testimony presented at the hearing on September 23, 1982, it is found:

1. That there was no conversation between Edwards and Cornett concerning an appeal after Edwards's sentencing;

2. That Cornett invited Edwards to discuss an appeal with him, but that Edwards did not follow up that invitation because he intended to retain a different attorney for his appeal;

3. That Edwards never told Cornett of his intention to appeal;

4. That Edwards always intended to appeal his conviction;

5. That Edwards never had actual notice of the ten-day deadline for filing notice of appeal under F.R.A.P. 4(b);

6. That Edwards had no prior experience with the criminal justice system and had no legal training.

## Conclusions of Law

■ The "excusable neglect" clause was added to Rule 37(a)(2) of the Federal Rules of Criminal Procedure (later transferred to F.R.A.P. 4(b)) in 1966 to remedy the injustice that had resulted from courts' rigid application of the ten-day time bar, which was "jurisdictional and mandatory." *United ed States v. Ferrer*, 613 F.2d 1188 (1st Cir. 1980); 9 Moore's Federal Practice ¶ 204.19 (2d ed. 1980). *Cf., e.g., United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960) (appeal precluded when prisoner's attorney neglected to differentiate between the time for appeal in a criminal and a civil case); *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) (appeal dismissed when filed one day late due to attorney illness).

The "excusable neglect" clause has been applied to permit late filing in cases of ignorance or neglect of the accused himself, *United States v. Brown*, 263 F.Supp. 777 (E.D.N.C.1966), in cases of ignorance or neglect of counsel, *United States v. Lewis*, 522 F.2d 2367, 2369 (5th Cir.1975), *United States v. Ferrer*, supra, and in cases of

interference by external circumstances. *United States v. Ford,* 627 F.2d 807 (7th Cir.1980) *cert. denied* 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980) (prison authorities may have delayed mailing of prisoner's appeal).

Edwards was, in fact, ignorant of the short filing deadline. This in itself has been held to justify a holding of "excusable neglect." *United States v. Brown, supra.* Furthermore, it is unclear who, if anyone, was under a duty to advise the defendant of that deadline. Surely retained counsel was, under the circumstances, expected to do no more than he did.[1] The court is under a duty imposed by F.R.Cr.P. 32(a)(2) to advise the defendant of his right to appeal, but this rule does not explicitly state that the judge must also advise the defendant of the ten-day rule. On the other hand, there is strength to Professor Moore's view, that under F.R.Cr.P. 32(a)(2) "[a]dequate advice on the right to appeal surely embraces notice of the time limit." 9 Moore's Federal Practice ¶ 204.16, fn. 10 (2d ed. 1980). Such a warning would undoubtedly be prudent and could, without difficulty, be incorporated into the trial court's routine post-sentencing remarks.

Although neither the defendant nor the Government has raised the issue, it has come to the court's attention that it actually did omit to advise the defendant of his right to appeal in accordance with Rule 32(a)(2). It has been held that if a judge fails to advise of the right to appeal, the ten-day appeal period does not commence. *United States v. Deans,* 436 F.2d 596, 599 (3rd Cir.1971), *cert. denied* 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971). *See also Rodriguez v. United States,* 395 U.S. 327, 331, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969) (post-conviction relief under 28 U.S.C. § 2255 was granted and case remanded for sentencing where trial judge failed to advise the defendant of his right to appeal even though defendant had actual knowledge of that right).

Despite the fact that the court is "far from impressed with the veracity" of the defendant, *see United States v. Brown,* 263 F.Supp. at 778, it appears that his ignorance of the ten-day rule was actual and, under the circumstances, excusable. "Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right." *Coppedge v. United States,* 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962). If courts were to enforce a policy of denying such a precious right because of innocent ignorance, they would succeed only in encouraging lying among defendants and disingenuous fact-finding among judges. Furthermore, in view of the court's own failure to adhere to the letter of Rule 32(a)(2), denial of defendant's motion at this time would subject this judgment to the "ever present possibility of later collateral attack." *United States v. Stolarz,* 547 F.2d 108, 111 (9th Cir.1976), *appeal after remand* 550 F.2d 488, *cert. denied* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977) (it is permissible for district judge to stave off future collateral attack for incompetent assistance of counsel by finding "excusable neglect" and permitting late notice of appeal).

Under all circumstances, defendant Edwards's failure to file his appeal within ten days after judgment was excusable neglect on his part. Even if the defendant's failure to learn of the time limit was ultimately his own responsibility, seven years' imprisonment for ten days' delay is, in Professor Moore's phrase, "payment in heavy coin." 9 Moore's Federal Practice ¶ 204.19 (2d ed. 1980). It is, therefore,

ORDERED that defendant's motion to extend the time for filing notice of appeal by thirty days be, and it hereby is, GRANTED.

---

1. The court does not reach the question of whether *appointed* counsel might be held to a more paternalistic standard of assistance.