808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger G. PAYTON, Jr., Plaintiff-Appellant,
v.
E.L. BOOKER; Attorney General of the State of Virginia,
Defendants-Appellees.
 No. 86-7567.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 22, 1986.
Decided Dec. 12, 1986.
 
 Before HALL, PHILLIPS and ERVIN, Circuit Judges.
 Roger G. Payton, appellant pro se.
 Robert Q. Harris, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Virginia inmate Roger Payton brought suit under 28 U.S.C. Sec. 2254 alleging that he was denied the effective assistance of counsel in proceedings leading up to his state convictions for robbery and use of a firearm. After reviewing the state court records and the arguments of the parties, the district court entered judgment denying relief on February 7, 1986. Thereafter, by motion dated February 26 and filed February 28, Payton sought to withdraw his claims without prejudice. The district court denied Payton's request for voluntary dismissal on March 18, and Payton noted this appeal from the February 7 and March 18 orders on April 8, 1986.
 
 
 2
 We note initially that the appeal is untimely as to the February 7 order. Because Payton's post-judgment motion was not served within ten days of entry of judgment, it did not toll the time for noting an appeal pursuant to the provisions of Fed.R.App.P. 4(a)(4). See Saunders v. Cabinet Makers and Millmen, 549 F.2d 1216, 1217 (9th Cir.1977); see also Martin v. Wainwright, 469 F.2d 1072, 1073 (5th Cir.1972), cert. denied, 411 U.S. 909 (1973). Payton thus was required to note his appeal within thirty days of entry of the February 7 judgment. Fed.R.App.P. 4(a)(1). This he failed to do.
 
 
 3
 As to the district court's refusal to grant Payton's post-judgment motion to withdraw his claims without prejudice, we find no abuse of discretion. Once the district court had resolved Payton's claims against him on the merits, dismissal of the claims without prejudice was unwarranted.*
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument, deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 5
 DISMISSED.
 
 
 
 *
 The record supports the district court's conclusion that Payton was not denied the effective assistance of counsel